### STATE ex DESPREZ v HANCOCK COUNTY COMMISSIONERS

Ohio Appeals, 3rd Dist, Hancock Co

No 330. Decided April 7, 1933

Kinder & Downing, Findlay, for plaintiff.
Jackson E. Betts, Findlay, for defendant.

GUERNSEY, J.

The decision on this demurrer involves the construction of §486-17A GC as amended, Ohio Laws, Volume 114, page 224, which reads as follows:

"The tenure of every officer, employe or subordinate in the classified service of the state, the counties, city and school districts thereof, holding a position under the provisions of this act, shall be during good behavior and efficient service; but any such officer, employe or subordinate may be removed for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of the provisions of this act or the rules of the commission, or any other failure of good behavior, or any other acts or misfeasance, malfeasance or nonfeasance in office.

"In all cases of removal the appointing authority shall furnish such employe or subordinate with a copy of the order of removal and his reasons for the same, and give such officer, employe or subordinate a reasonable time in which to make and file an explanation. Such order with the explanation, if any, of the employe or subordinate shall be filed with the commission. Any such employe or subordinate so

removed may appeal from the decision or order of such appointing authority to the state or municipal commission, as the case may be, within ten days from and after the date of such removal, in which event the commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear such appeal within thirty days from and after its filing with the commission, and it may affirm, disaffirm, or modify the judgment of the appointing authority, and the commission's decision shall be final * * *."

The Supreme Court of this state in numerous cases involving the construction of earlier statutes relating to the same or similar subject matter, has held **that the charges upon which removal is based must embody facts which in the judgment of law constitute a statutory ground for such removal. State v Hawkins, 44 Oh St 98; State v Bryson, 44 Oh St 457; State v Sullivan, 58 Oh St 504; State v Hoglan et, 64 Oh St 532.**

In the opinion of the court in case of **State ex Meader et v Sullivan, 58 Oh St 504,** at page 513 the court quotes with approval from Mecham on Public Officers, as follows:

"The power of removal so conferred must be confined within the limits prescribed for it, and must be pursued with strictness. Hence it can be exercised only for the cause specified and in the manner and upon the conditions fixed."

and on page 514 further states:

"**And, with equal propriety may it be added that the finding and order should be so definite as to show, upon the face of them, that the power has been exercised according to law. This for the reason, among others, that the power exercised by the Mayor is not judicial power and the presumptions which attach to the record of courts are not to be applied in the same liberal sense to the record of the Mayor.**"

This court has held in the case of **Lewis v Lingrel, Mayor et, 25 C.C.R. (N.S.) 55,** that:

"The chief executive of a city has no jurisdiction under §486-19, GC, to try a civil service commissioner on a charge of inefficiency, neglect of duty or malfeasance in office, which charge contains no averments of the facts which constitute such inefficiency, neglect of duty or malfeasance in office. And in such a case prohibition is a proper remedy."

Under the earlier statutes the procedure required the preferring of charges and hearing had before removal made. Under the General Code section above mentioned the appointing authority is given the power to remove without trial, but is required to furnish the employe with a copy of the order of removal and his reasons for the same, and to give such employe a reasonable time in which to make and file an explanation. This section further provides that such officer, with the explanation, if any, of the employe shall be filed with the commission, and that such employe so removed may appeal from the decision or order of such appointing authority to the state or municipal commission, as the case may be, within ten days from and after the date of such removal, in which event the commission shall forthwith appoint a trial board to hear such appeal, and that it may affirm, disaffirm or modify the judgment of the appointing authority.

It would appear from the wording of the section that the order of removal constitutes a judgment and that the reasons for the order of removal on the hearing of the appeal are considered as charges. Consequently, the court is of the opinion that the reasons for removal contained in or accompanying the order of removal under the present law must be construed in the same manner and as strictly as charges were construed under the decisions mentioned.

It is said in **7 Ohio Jurisprudence, at page 596,** in referring to the construction of the General Code section above mentioned:

"The requirement that the appointing officer furnish the person removed with the reasons for removal is mandatory and an order of removal which does not disclose the reasons therefor is wholly ineffective and void.

"The statement of the reasons need not be as specific or particular as an indictment, nor drawn with the formal exactness of pleadings in a court of justice. **But it must advise the employe of the charge against him in terms sufficiently explicit to enable him to make explanation if he so desires.** It is clearly insufficient to state merely that the removal is 'for good and sufficient reasons.' **In the case of general charges, such as incompetency, the nature of the incompetency should be set forth.**"

It is well settled in Ohio that one within the classified service who is wrongfully deprived of his employment or position by reason of an absolutely void and illegal

ouster, from which there is no appeal, may be restored to his employment or position and the emoluments thereof in an action by way of mandamus. **State ex Moyer v Baldwin, 77 Oh St 532; City of Cleveland v Lutner, 92 Oh St 493; Hornberger, Director of Public Service v State, 95 Oh St 148; State ex Brattain v Board of Agriculture, 95 Oh St 276; Bay v Witter, 110 Oh St 216, 221.**

In effect the demurrer raises the question as to whether the reasons for removal assigned in the resolution of removal embody facts which, in judgment of law, constitute one or more of the grounds of removal mentioned in §486-17A, GC, as amended, and in determining this question it is necessary to keep in mind the fact that the power exercised by the removing authority is not judicial power and presumptions which attach to the record of courts are not to be applied in the same liberal sense to the record of the removing authority.

The resolution of removal in this case sets forth two facts, and the conclusion of the board of commissioners is specifically based on such facts. The facts are:

1. That the relator became ill about the 25th day of December, 1932, and has been unable to perform his duties as assistant janitor at the court house from that time until the date of the resolution.

2. That the relator is seventy years of age.

The conclusion of the board based on these facts is an opinion that the relator will be unable to perform his duties as assistant janitor at the court house in the future.

The most that can be claimed for this conclusion is that it charges the relator with future inefficiency or incompetency. However, as this court held in the case of **Lewis v Lingrel, Mayor, 25 C.C.R.** (N.S.) that a charge of inefficiency or other statutory ground for removal is void unless it contains averments of facts which constitute inefficiency or other statutory ground for removal, the validity of this conclusion and its effect as a charge must be determined from the facts upon which it is based.

The first fact alleged amounts to no more than an averment of temporary physical disability resulting from sickness on the part of the relator. §406-14 GC expressly provides for temporary appointments made necessary by reason of the sickness or disability of regular officers, employes or subordinates, conclusively showing the policy of the law that unless sickness results in more than temporary physical disability, it is not a reason for removal.

The second fact averred as to the age of the relator does not constitute a ground for removal, as there are no age limitations in the statute.

Neither fact averred in any way modifies the other, so that the two facts taken together do not constitute a ground for removal under the statute.

As the facts averred, whether taken separately or together, do not constitute a ground of removal, the conclusion drawn by the board is not a fair inference from, or justified by, the facts, and the facts and conclusions averred in the removal resolution do not, in judgment of law, constitute a ground of removal, and the order of removal based thereon is null and void.

The conclusion assigned by the board for removal is also defective in that it relates to future facts and is in the nature of a prophecy rather than a conclusion based on facts existing at the time the hearing was held.

As the order of removal is null and void, the relator, under the authorities heretofore mentioned, had no right of appeal and was not required to appeal therefrom to the civil service commission, and is entitled to a writ of mandamus for his reinstatement.

Holding these views, the demurrer will be overruled.

KLINGER, J, concurs.

CROW, J, Dissenting:

As no two leaves in the forest are ever precisely alike, so also is the boundlessness of individual selection and arrangement of words to clothe thought; hence the necessity for settled rules to ascertain the meaning of writings.

In the instant case the action of the board in removing relator, styled "resolution" the legal effect of which is, as stated in the foregoing majority opinion, the sole question for determination, sets forth as the facts constituting the basis of the removal, that by reason of the illness of relator for approximately a month during which he was unable to perform his official duties, in connection with the fact that he was more than seventy years old, he would be unable to perform his duties in the future.

It is evident from the entire context of the resolution that defendant used the word "opinion" in the sense of a finding, and

that it also employed the word "future" as synonymous with "further."

Certainly no one could successfully claim that it was necessary to the validity of the order of removal, that the word "incompetency" or "inefficiency," mentioned in §486-17a, GC, be used, or that the order need go farther than to set forth reasons in such understandable language as would convey to the one removed, the facts comprising the "reasons."

If the illness and the age, or either did actually cause relator to be physically or mentally unable to perform the duties of his office, whatever they were, the petition being silent as to the nature of them, there would be inefficiency or incompetency or maybe, both, and the removal would be justified under the statute; otherwise not. The determination on appeal, if an appeal were taken, would depend upon the evidence presented at the trial provided for in §486-17a, GC.

I am therefore clearly of opinion that the "reasons" were sufficiently set forth in the resolution, and consequently that the demurrer should be sustained.