## HOWARD J. SCANNELL AND OTHERS v. CITY OF ST. PAUL AND OTHERS.

163 N. W. (2d) 872.

January 3, 1969—No. 40205.

*Terrance S. O'Toole,* for appellants.

*Joseph P. Summers,* Corporation Counsel, *Robert E. O'Connell,* First Assistant Corporation Counsel, and *Daniel A. Klas,* Special Assistant Corporation Counsel, for respondents.

KNUTSON, CHIEF JUSTICE.

This is an appeal from a summary judgment granted by the district court in favor of defendants.

Plaintiffs are employees of the city of St. Paul, a city of the first class. They have been on the payroll of the fire and police departments of said city since prior to January 1, 1939. They reached their 65th birthdays prior to January 1, 1964, and are employees in good standing in the St. Paul Police Relief Association or the St. Paul Fire Department Relief Association and future beneficiaries of said pension and retirement funds.

They are honorably discharged veterans of the armed services of the United States and entitled to the benefits and protection afforded under the Veterans Preference Act, Minn. St. 197.45, 197.46, and 197.47. They bring this action against the city of St. Paul seeking a declaratory judgment holding invalid and unconstitutional that part of L. 1963, c. 802 (Minn. St. 423.075, subd. 2), which purports to remove them from the protection of the Veterans Preference Act.

Minn. St. 423.075, subd. 1, so far as material, reads:

"Every employee, officer, or person on the payroll of any fire or police department in any city of the first class who is designated as a future beneficiary by the rules of any tax aided pension, relief, or retirement fund established and maintained by authority of laws of this state, shall retire upon reaching the age of 65 years; provided that any such employee, officer, or person on the payroll of any such fire or police department serving as such on or before January 1, 1939, who has attained the age of 65 years and who has not served a sufficient length of time to entitle him to benefits under the terms and provisions of any such pension act now in effect providing for benefits for such firemen and policemen, employees, officers, or persons on the payroll of the fire or police department in such city, may, subject to the provisions of any charter of any such city providing for a civil service commission and the rules and regulations of the civil service commission enacted pursuant thereto, remain in the service of any such city as an employee, officer, or person on the payroll of such fire or police department until he has served a sufficient length of time to entitle him to such benefits."

The constitutionality of this portion of the act as it relates to nonveterans has been upheld by two prior cases: Burns v. City of St. Paul, 210 Minn. 217, 297 N. W. 638, and Fabio v. City of St. Paul, 267 Minn. 273, 126 N. W. (2d) 259.

In 1963, however, the legislature added subd. 2 (L. 1963, c. 802, § 1), which provides:

"The provisions of Minnesota Statutes 1961, Sections 197.45, 197.46, and 197.47 [the Veterans Preference Act] shall not be applicable to subdivision 1 of this section."

The only question now before us is whether subd. 2 is constitutional. It is the argument of plaintiffs that it is not, for the reason that it discriminates against certain veterans in a class by compelling them to retire at 65 when others in the same class are not required to do so.

It must be conceded that if there is a rational basis for the classification to be found in the statutory enactment the arguments of plaintiffs are untenable. The rules with respect to determining whether a classification sufficiently meets the tests required by our Constitution are adequately stated in State v. Pehrson, 205 Minn. 573, 287 N. W. 313, 123 A. L. R. 1045, and in Williams v. Rolfe, 262 Minn. 284, 114 N. W. (2d) 671. We see no need to repeat them here.

The rationale of Fabio was that the basic objective of § 423.075 is to remove from active duty police officers (and the same applies to firemen) who have reached an age where the hazards of their occupation and the physical demands necessary to perform their duties make it desirable that they be replaced by younger employees. If that rationale was sound in Fabio as to nonveterans, it is equally sound here when applied to veterans. Advancing age takes its toll of both veterans and nonveterans alike, and if hazards of occupation make it undesirable to retain men beyond the age of 65 in this type of work, it is as true of veterans as of nonveterans.

The only real argument advanced by plaintiffs is that the legislature, having created preference rights for veterans, could not take them away. This also has been answered by a former decision. In State ex rel. Stubben v. Board of County Commrs. 273 Minn. 361, 370, 141 N. W. (2d) 499, 505, we said:

"With respect to the rights claimed under the Veterans Preference Act, the trial court was right in holding that petitioner was not under the protection of the act. The legislature could, if it saw fit, provide for exclusion from the act of those holding certain positions, as it did by providing that heads of departments and some others had no rights under the act. And, having created the rights under the act, it could likewise take them away in a subsequent act, as it did here by providing that under L. 1963, c. 738, the administrator is to serve at the pleasure of the county board."

The same is true here. The legislature, having created the rights, could take them away, which it did by amending § 423.075 in 1963. As a result, the trial court's decision must be and is affirmed.

Affirmed.