# EDWARD M. ESSLING v. ST. LOUIS COUNTY CIVIL SERVICE COMMISSION.

168 N. W. (2d) 663.

May 23, 1969—No. 41643.

426

*John C. Arko,* County Attorney, and *Robert E. Lucas,* Assistant County Attorney, for appellant.

*William W. Essling,* for respondent.

MURPHY, JUSTICE.

This is an appeal from a judgment entered pursuant to an order of the District Court of St. Louis County reversing an order and determination of the St. Louis County Civil Service Commission by which petitioner was separated from service as a county employee because of a rule of the commission requiring compulsory retirement at the age of 65. The essential issue is whether the legislature delegated to the commission authority to adopt a valid rule with reference to compulsory retirement because of age.

The issue came before the lower court on certiorari to the civil service commission which had denied petitioner's appeal from a notice of compulsory retirement issued by the St. Louis County Civil Service Director. It was stipulated, before both the commission and the district court, that petitioner, Edward M. Essling, was a veteran of World War I and entitled to the benefits of L. 1941, c. 423; that he had been employed by the St. Louis County Highway Department since April 1, 1929, and continued as a permanent member of the county's classified civil service until termination of his employment on July 1, 1966; that his date of birth was December 26, 1898, and that he had attained the age of compulsory retirement on the date of notice, February 28, 1966; that he was compelled to retire on July 1, 1966; that between 1943 and the date of his separation from service he was employed as a division maintenance superintendent by the county highway department; and that, in addition to salary, he was entitled to benefits including vacation, medical, and retirement benefits.

It would appear that in appealing to the civil service commission the petitioner stressed a violation of his rights as a veteran, but when the matter was presented to the trial court, the trial court con-

sidered both his rights to veterans' preference under Minn. St. 197.45 and his rights under the St. Louis County Civil Service Act, L. 1941, c. 423. The statutes involved include c. 423, which relates to St. Louis County officers and employees; Minn. St. c. 43, which relates to civil service status of employees of state departments and agencies, and the Veterans Preference Act, §§ 197.45, 197.46, which relates to veterans' preference in public employment.

Section 4a of the St. Louis County Civil Service Act gives to the civil service commission of that county authority to make rules covering "vacations, leave of absence and sick leave, the order of lay-off in case of a curtailment in the number of employees in any class in any department, and *any other conditions affecting the employment of persons within the classified service,*" which, when approved by the county commissioners, have the force and effect of law. (Italics supplied.) The commission assumed that this act gave it authority to make rules and regulations as to compulsory retirement of civil service employees and adopted St. Louis County Civil Service Rule 11.7, which recites in part:

"As of July 1, 1966, all employees who have attained the age of 66 years prior to that date shall be retired; on July 1, 1967, and July 1 of each subsequent year all employees who have attained the age of 65 years shall be retired."

The rule contains qualifying exceptions which are of no import here. The trial court was of the view that the commission was without power to adopt such a regulation. We are accordingly called upon to construe the statutes referred to for the purpose of determining whether the St. Louis County Civil Service Commission was authorized to promulgate a valid rule as to compulsory retirement because of age.

We have the benefit of an able and exhaustive memorandum of the trial court, who approached the issue by noting that c. 423, § 22, provides that an employee may not be removed or suspended from service except for "just cause." He concluded that age alone would not constitute this ground. He also concluded that c. 423, § 4a, did not give the commission authority to make a valid regulation which would

have the effect of terminating the service of an employee for reason of age alone, and, applying the rule of ejusdem generis, concluded that the catch-all clause purportedly giving the commission the right to make regulations as to "any other conditions affecting the employment" did not go beyond authorizing the commission to make regulations relating to "vacations, leave of absence and sick leave, the order of lay-off in case of a curtailment in the number of employees in any class in any department," or such related subjects as rates of pay, classification of duties, hours of employment, and place of employment, which might reasonably be included within the specific grant of authority given to the commission. State v. Walsh, 43 Minn. 444, 45 N. W. 721; 17 Dunnell, Dig. (3 ed.) § 8977. He held that the act did not give the commission implied authority to separate an employee from service because of age.

■ It should be recognized that a civil service commission exercises purely statutory power and must find within the statutes the authority to exercise the power it claims. 15 Am. Jur. (2d) Civil Service, § 8. A commission can exercise only such authority as is legally conferred by express provisions of law or such as, by fair implication and intendment, is incident to and included in the authority expressly conferred for the purpose of carrying out and accomplishing the objectives for which the commission was created. Any reasonable doubt as to the existence of any particular power in the commission should be resolved against the exercise of such authority. 81 C. J. S., States, § 66d; 1 Am. Jur. (2d) Administrative Law, § 70; 1 Davis, Administrative Law Treatise, c. 2.

■ The general rule with reference to regulations seems to be that without specific statutory authority age is not a ground for removal or retirement of a civil service employee. Kaplan, The Law of Civil Service, p. 356; Field, Civil Service Law, p. 191; Morrison v. Department of Highways, 229 La. 116, 85 So. (2d) 51; Finch v. State Dept. of Public Welfare, 80 Ariz. 226, 295 P. (2d) 846; State ex rel. Desprez v. Board of County Commrs., 47 Ohio App. 1, 189 N. E. 665.

■ An examination of other legislative acts, bearing on the subject of civil service, reflects the policy of the legislature with reference

to delegation of authority to make rules and regulations on the subject of compulsory retirement. The State Civil Service Act, L. 1939, c. 441, § 5(2)b, now contained in Minn. St. 43.05, subd. 2(2), makes specific provision giving to the civil service director the right to make regulations bearing upon "compulsory retirement at fixed ages; and other conditions of employment." This is the act after which L. 1941, c. 423, was patterned. It is significant to note that in enacting c. 423 the legislature deleted that part of the parent act relating to the subject of compulsory retirement.[1]

The trial court noted that the legislature, had it intended that the St. Louis County Civil Service Commission should have the power to

---

[1] The following is a comparison of the provisions of the two acts:

The St. Louis County Civil Service Act, L. 1941, c. 423, § 4a, provides that it shall be the duty of the county civil service commission "[a]fter public hearing to adopt such rules and regulations for the administration of this act, such classification and compensation plans for the classified service, together with rules for their administration, and amendments thereof as may be recommended by the civil service director after a thorough survey of personnel organization included in such plan or plans, and suitable regulations covering vacations, leave of absence and sick leave, the order of lay-off in case of a curtailment in the number of employees in any class in any department, and any other conditions affecting the employment of persons within the classified service, which, when approved by the board of county commissioners, shall have the force and effect of law and be binding upon all county officers, boards and commissions."

The State Civil Service Act, L. 1939, c. 441, § 5(2)b, Minn. St. 43.05, subd. 2(2), provides that it shall be the duty of the director "[t]o prepare and recommend to the board rules and regulations for the purpose of carrying out the provisions of this chapter; these rules shall provide, among other things, for current records of efficiency, and standards of performance, for all officers and employees subject to the provisions of this chapter; the manner of completing appointments and promotions; rejection of eligible candidates; competitive examinations; creation of eligible lists, with successful candidates ranked according to their ratings in the examinations; leaves of absence with and without pay; transfers, reinstatements, layoffs, vacations, and hours of work; public notice of examinations; procedure for changes in rates of pay; compulsory retirement at fixed ages; and other conditions of employment."

regulate the age for compulsory retirement, could well have given the commission specific authority to do so. The court pointed out that in L. 1963, c. 852, and L. 1965, c. 492, amending the former act, the legislature twice precisely provided for the age of retirement of Ramsey County civil service employees, as well as requirements concerning medical, surgical, and hospital benefits for the retired employees and their dependent spouses, but provided the acts would be effective only after approval by the governing body of the county. With respect to the St. Louis County Civil Service Act, the trial court was persuaded that the legislature had reserved for itself the authority to establish a compulsory retirement age for employees under the Act, or at least regarded the power to regulate and make rules for retirement as one not implied from the commission's authority to adopt general rules and regulations in the areas enumerated.

We agree with the trial court that, since § 22 of the St. Louis County Civil Service Act vested rights in the employee who has acquired permanent civil service status, he cannot be deprived of that status for reasons of age except by legislative sanction.

■ An examination of the statutes relating to preference for civil service veterans supports the trial court's determination. Section 25 of the St. Louis County Act provides:

"Honorabl[y] discharged veterans of the United States Army, Navy or Marine Corps, who have served in past wars, shall be entitled to preferential rating or preference in appointment as provided for in Laws 1939, Chapter 441, Section 31."

L. 1939, c. 441, § 31, Minn. St. 43.30, states:

"* * * And the veteran thus preferred shall not be disqualified from holding any position in the classified service on account of his age or by reason of any physical disability provided such age or physical disability does not render him incompetent to perform the duties of the position."

Chapter 43 has been amended with respect to age of retirement of veterans. L. 1967, c. 193, § 6, Minn. St. 43.051, subd. 1, provides:

"Notwithstanding the provisions of Minnesota Statutes, Sections

197.45, 197.46, 197.47 [the Veterans Preference Act], 43.30 [the State Civil Service Act], \* \* \* an \* \* \* employee of the state of Minnesota in the classified service of the state civil service must retire from his employment by the state upon reaching the age of 70."

It is also of interest to note that Minn. St. 423.075, establishing a compulsory retirement age for fire and police officers of cities of the first class, contains a provision which specifically deprives them of veterans' preference under §§ 197.45, 197.46, and 197.47. See, Scannell v. City of St. Paul, 282 Minn. 214, 163 N. W. (2d) 872. The significance of this authority is that where the legislature intends to fix the age of compulsory retirement, either by statute or express delegation of authority, it may also take from the civil servant such prerogatives as he might have by reason of veterans' preference legislation.

Since the legislature neither enacted a statute requiring compulsory retirement because of age nor expressly delegated authority to the St. Louis County Civil Service Commission to make rules on the subject, it seems to us that the trial court was correct in its determination that the commission was without authority to adopt a valid rule with reference to compulsory retirement because of age.

Affirmed.