253 N.W.2d 150 (1977)
The CITY OF MINNEAPOLIS, By Carl E. JOHNSON, Its Chief of Police, petitioner, Appellant,
v.
Gerald M. SINGER, et al., Individually and as Members of the Civil Service Commission of the City of Minneapolis, and Ronald J. Bender, Respondents.
No. 46977.
Supreme Court of Minnesota.
April 22, 1977.
Walter J. Duffy, Jr., City Atty., Robert J. Alfton, Asst. City Atty., Minneapolis, for appellant.
Wood R. Foster, Jr., Minneapolis, for respondents.
Considered and decided by the court without oral argument.
PETERSON, Justice.
This is an appeal by the City of Minneapolis, by its chief of police, from an order of the district court affirming an order of the Minneapolis Civil Service Commission. The *151 issue is whether the commission had the authority under the city charter to order a 90-day suspension of the employee in question, Officer Ronald J. Bender of the Minneapolis Police Department, rather than discharge him as recommended by the chief of police. We affirm.
By a 2 to 1 vote the commission, after a full hearing, approved the chief of police's recommendation that Bender be discharged for certain rule violations. The majority stated that it disagreed with the chief of police's decision to discharge Bender but felt that it did not have authority to reverse or modify that decision because, while the chief of police may have acted unwisely in deciding to discharge Bender, he did not act arbitrarily or capriciously. The dissenting commissioner stated that he agreed with the findings of the majority but that he felt the commission had the authority to substitute its judgment for that of the chief of police even though the chief may not have acted arbitrarily.
Bender obtained review of this adverse ruling in district court by certiorari, and the court remanded the matter to the commission, stating in part as follows:
"It is the opinion of this court that the rules contemplate a hearing before the Commission independent of any determination at the department level. At this hearing the Commission must find whether the allegations of the department head have been proven or not and based upon these findings whether the `recommendation' of the department head is proper. This decision must be one of first instance and should not be limited in scope to whether the department head acted arbitrarily or capriciously. The rules thusly attempt to insure conformity between departments concerning the discharge of personnel."
Upon remand, the commission unanimously decided that the facts as found by them previously did not justify the discharge of Bender but justified a 90-day suspension.
The city then appealed this order to the district court and a second judge heard the matter, agreeing with the earlier district court decision that the commission had authority not only to determine whether the allegations of the chief of police were proven, but also to determine what penalty was proper. The appeal to this court is from this order.
In Essling v. St. Louis County Civil Service Comm., 283 Minn. 425, 428, 168 N.W.2d 663, 665 (1969), we stated as follows:
"It should be recognized that a civil service commission exercises purely statutory power and must find within the statutes the authority to exercise the power it claims. 15 Am.Jur. (2d) Civil Service, § 8. A commission can exercise only such authority as is legally conferred by express provisions of law or such as, by fair implication and intendment, is incident to and included in the authority expressly conferred for the purpose of carrying out and accomplishing the objectives for which the commission was created. Any reasonable doubt as to the existence of any particular power in the commission should be resolved against the exercise of such authority. 81 C.J.S., States, § 66d; 1 Am.Jur. (2d) Administrative Law § 70; 1 Davis, Administrative Law Treatise, c. 2."
Although the relevant provisions of the Minneapolis City Charter, c. 19, do not expressly authorize the action taken by the commission, we believe that the district court correctly interpreted the provisions as impliedly authorizing the action taken. A number of factors lead us to this conclusion. First, the hearing provided by the charter is a full hearing with the commission making findings and then issuing a decision to be enforced by the appointing officer. Minneapolis City Charter, c. 19, § 11. The charter clearly does not contemplate that the commission serve merely as a body which reviews findings by appointing officers or department heads. The fact that the commission is not just a reviewing body suggests that the function of the commission is not simply to approve or disapprove the recommendation of the department head, but to decide for itself what penalty, if any, is *152 justified. And, as both district court judges pointed out, it makes sense that the commission should be able to decide matters of punishment because one of the specified functions of the commission is to standardize matters relating to the public service.[1] Minneapolis City Charter, c. 19, § 18.
In summary, then, we hold that under the city charter the Minneapolis Civil Service Commission does have implied authority to modify a penalty meted out by a department head.
Affirmed.
NOTES
[1] We do not intimate that in the standardization of matters relating to the public service the commission will or should disregard the obvious necessity for strong discipline in the police department or other similar departments related so directly to public safety. Although the professional judgment of the chief of police is accordingly entitled to full consideration, we note that in both proceedings the commissioners were unanimous in concluding that the recommended removal of the police officer constituted excessive discipline.