Robert J. Alfton, City Atty., Jerome R. Jallo, Asst. City Atty., Minneapolis, for appellant.

Heard, considered, and decided by SEDGWICK, P.J., and FOLEY and CRIPPEN, JJ.

**Frederick W. SPENCER, Respondent,**

v.

**CITY OF MINNEAPOLIS, Appellant.**

**No. CX–84–1617.**

Court of Appeals of Minnesota.

Feb. 26, 1985.

### OPINION

FOLEY, Judge.

Frederick Spencer brought an action against the City of Minneapolis claiming that under Minn.Stat. § 197.46 (1982), he was entitled as a veteran to be paid his full salary and benefits from the date of his suspension without pay until the date of his formal discharge after a hearing. The city claimed Spencer was not entitled to back pay because he abandoned his position and unreasonably delayed the formal discharge hearing. The trial court granted summary judgment in Spencer's favor.

## FACTS

Fred Spencer was a Minneapolis assistant city attorney for nearly 15 years. In June, 1981 he requested and received a 30 day vacation. The day he was expected to return to work, he arrived late, dressed in casual clothes, and asked the City Attorney, Robert Alfton, for a 30-day leave of absence to begin immediately.

Alfton told Spencer that he would review his request with the Deputy City Attorney of the Civil Division to decide whether Spencer's caseload and assignments would permit his absence for a second consecutive month. Spencer was ordered to appear the next morning to discuss the feasibility of this absence.

Spencer did not appear at this meeting. In fact, he did not return for the next 30 days. The City Attorney discharged Spencer on July 22, 1981, because Spencer failed to show up for work for more than 10 days and did not answer phone or written requests to explain his absences.

After this second 30-day absence, Spencer returned to work pending a formal discharge hearing. Within a few days of his return, Spencer wrote a letter to Alfton saying,

> I am planning on leaving the City Attorney's Office within the next few weeks.... My return to work was not an indication that I desired to return to my position of Asst. City Attorney, rather it was my desire to pay back the City of Minneapolis for un-earned vacation time that I had used.... As I indicated to you in our conference last July 13th, I am really tired of the 'law' the 'legal system'—and most of all, I am tired of being a 'lawyer' ... With all its nit picking and paper shuffling.

Spencer Letter, August 14, 1981.

The city contends that Spencer abandoned his position by relocating his family to Cloquet, Minnesota preparatory to starting a law practice in Duluth. However, Spencer returned to his duties in the Minneapolis City Attorney's Office in August. He reported for work every day, except for some sick leave, and was paid in full and on a regular basis through October 22, 1981 when a hearing was scheduled concerning charges brought against him.

Eight days prior to this scheduled hearing date, Alfton served Spencer with an amendment to the original discharge notice. This amendment recited Spencer's misconduct since July 22, 1981, the date Alfton initially discharged Spencer.

At the October 22, 1981 hearing, Spencer requested a continuance. Spencer was then suspended without pay. The Minneapolis Civil Service Commission continued the matter until November 24, 1981. The hearing was finally commenced the following January 12, but was not completed at that time. The commission scheduled the next hearing for February 10, 1982. Spencer's representative at the hearing requested the February 10 hearing cancelled because he could not be there. Finally, on May 13, 1982, after a complete hearing, the commission formally discharged Spencer.

Following discharge in May 1982, Spencer brought an action against the city for his full salary and benefits from October 22, 1981, through May 13, 1982. The court granted Spencer's motion for summary judgment finding the city obligated to pay him his salary and benefits during this period.

## ISSUE

Did the trial court properly grant summary judgment?

## ANALYSIS

The Veterans Preference Act, Minn.Stat. § 197.46 (1982), provides:

> Any person whose rights may be in any way prejudiced contrary to any of the provisions of this section, shall be entitled to a writ of mandamus to remedy the wrong.... No person holding a position by appointment or employment in the several counties, cities, towns, school districts and all other political subdivisions of the state, who is a veteran separated from the military service under honorable conditions, shall be removed

from such position or employment except for incompetency or misconduct shown *after a hearing,* upon due notice, upon stated charges, in writing. (emphasis added.)

In *Mitlyng v. Wolff,* 342 N.W.2d 120 (Minn.1984), the supreme court concluded an employee cannot be suspended without pay and discharged for the same reason because to do so would effectively speed up the discharge hearing, taking away the preference conferred by the Act. *Mitlyng* controls here.

The court said:

The Veterans Preference Act is just what its title indicates: a law giving preference to veterans. It says a veteran cannot be removed—i.e., discharged—from his or her public employment except for incompetency or misconduct "after a hearing." The hearing must come first, then the discharge. Until discharge, the veteran is entitled to be paid. When suspension without pay accompanies a pending discharge proceeding, the practical effect is to accelerate the discharge. To suspend without pay before the hearing would accomplish the same thing as a discharge without a hearing, i.e., "removal" of the employee from the job with no pay.

*Id.* at 123.

The city advances the argument that the reasoning underlying this decision is the assumption that the preference of a discharge hearing is for the benefit of those employees desiring reinstatement of their position. In light of this, the city asserts that the Act is inapplicable to those persons who have abandoned their jobs or do not want their jobs back because it makes no difference to speed up a discharge hearing when an employee quits or abandons his or her job.

Here, the employer, City of Minneapolis, paid the employee in full and on a regular basis up to and including October 22, 1981. To argue that Spencer abandoned his position between October 22, 1981, and the date of formal discharge in May 1982 is inconsistent with the conceded fact that Spencer was suspended without pay for the same period of time. An employee veteran can not be held to have abandoned a position which he was prevented by his employer from performing.

## DECISION

We affirm the trial court's grant of summary judgment.