HAHN, APPELLANT, *v.* UNIVERSITY OF CINCINNATI, APPELLEE.

(No. 84-CV-0509 — Decided March 29, 1985.)

Court of Common Pleas of Clermont County.

*Richard B. Uhle,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Christopher Culley,* for appellee.

WATSON, J. On July 25, 1984, appellant, Patricia V. Hahn, filed her appeal from the decision of the State Personnel Board of Review affirming the action of the appellee, University of Cincinnati, in reducing appellant's classification effective April 5, 1984.

Appellant argues that the affirmance of appellee's decision to demote appellant in classification by the board of review was contrary to law, and not supported by reliable, probative, and substantial evidence; that appellee violated state civil service law by failing to comply with certain administrative discovery procedures; and that the Administrative Law Judge (ALJ) erred to the prejudice of appellant by refusing to hear certain evidence presented on her behalf.

Appellant argues that appellee violated appellant's civil rights by ignoring her right to tenure by illegally demoting her in May 1983. Further, appellant argues that the "official" reduction occurring on April 5, 1984, and the board's upholding it, were contrary to law because "[a]bsenteeism, in and of itself, and not coupled with inefficiency or incompetency is not a sufficient statutory justification. * * * The crucial proof of incompetency or the like was never offered."

As to the April 1984 demotion, appellant cites *State, ex rel. Desprez,* v. *Bd. of County Commrs.* (1933), 47 Ohio App. 1, for the proposition that legitimate illness or disability is not a legally sufficient ground for disciplinary action under R.C. 124.34. While it is true that the *Desprez* court determined that sickness causing a temporary disability does not constitute inefficiency or incompetency as a ground for disciplinary action, the court went on to find that if the sickness is more than a mere temporary physical disability, some disciplinary action may be justified within the policy of the law.

The Supreme Court of Ohio has held that where the evidence shows that one lacks fitness to discharge the duties of the position held, the proof shows incompetency, and is sufficient to impose disciplinary action even if the word "in-

competence" was not utilized in the charge. *State, ex rel. Hill,* v. *Bd. of Fire Commrs.* (1875), 26 Ohio St. 24, 30. Further, the Supreme Court of Ohio in *State, ex rel. Mansfield,* v. *Turnbull* (1937), 132 Ohio St. 235 [7 O.O. 542], found that where ill health has caused an inability to render efficient service, the hiring authority need not restore a previously laid-off employee to his former position, "[t]he keystone of the arch in the structure of our civil service law" being fitness and efficiency as per G. C. 486-17a (now R.C. 124.34). *Id.* at 239-240. Thus, Ohio Supreme Court case law has recognized that illness, where it leads to the inefficient delivery of services or to an inability or unfitness to discharge one's duties, may be a basis for some sort of disciplinary action, regardless of whether the charge specifically cited incompetency or inefficiency as the basis of the action.

In the instant matter, appellant was specifically put on notice as to her demotion that her excessive absenteeism "has been so frequent, it has made it almost impossible for [her] to properly perform the responsibilities needed of an Office Manager II." The evidence at the hearing cannot be said to have done less than overwhelmingly support the conclusion that the illness substantially impaired appellant's ability to efficiently and effectively discharge her duties at the parking office. The court thus concludes that the order was supported by reliable, probative, and substantial evidence. The court hereby affirms the decision of the board of review to uphold the demotion, it having been rendered in accordance with law.

As to appellant's argument that she was denied a fair hearing because appellee failed to provide proper discovery under Ohio Adm. Code Chapter 124-13, the court finds that, apart from appellant's allegation, there is no evidence in the record that appellee, through its agents, Thomas Adkins and George Salerno, did not comply with the requests made by appellant's counsel. Even were there evidence that the Ohio Adm. Code Chapter 124-13 request had been denied, this court would not conclude that appellant was denied a fair hearing, because the materials sought related exclusively to Wanda Hasson, who was not a party in this action, and to the collateral issue, immaterial and irrelevant therein, of Wanda Hasson's promotion to the position formerly filled by appellant. Refusal to comply with the discovery request would not have caused any denial of a fair hearing.

Appellant lastly argues that the ALJ erred to the prejudice of appellant by refusing to hear substantial and material evidence presented on her behalf; that is, evidence of "harassment, discrimination and design" of the appointing authority. This court finds itself in agreement with the position of the ALJ: "That issue whether he [appellant's supervisor] did or did not * * * [act with sensitivity or caring] doesn't move the evidence in one way or the other on whether or not Miss Hahn should have been reduced. * * * And so for that reason, I'm going to have to limit your inquiry to the issues that I can decide." Whether the appellant's supervisor cared about appellant or exhibited sensitivity toward her is irrelevant to the issue whether appellant was reduced properly and lawfully under the statute. The exclusion of that line of questioning and of the potential evidence was not improper and not prejudicial to appellant.

In conclusion, the court finds that the decision of the board of review was supported by reliable, probative, and substantial evidence and was given in accordance with law.

Accordingly, the decision of the board of review is affirmed, the argument of appellant not being well-taken.

*Decision affirmed.*