**Jerome F. VOIGHT, Sr., Appellant,**

v.

**COUNTIES OF BIG STONE, et al., Kandiyohi County, Traverse County, Renville County, Respondents.**

**No. C1–84–1635.**

Court of Appeals of Minnesota.

April 9, 1985.

Review Denied June 24, 1985.

John E. Mack, New London, for appellant.

Michael C. Lindberg, Johnson & Lindberg, Minneapolis, for Counties of Big Stone, et al.

Michael Q. Lynch, Willmar, for Kandiyohi County.

Thomas C. Athens, Arveson, Donoho, Lundee, Hoff, Svingen & Athens, Fergus Falls, for Traverse County.

Larry D. Espel, Popham, Haik, Schnobrich, Kaufman & Doty, Minneapolis, for Renville County.

Heard, considered and decided by FORSBERG, P.J., and PARKER and LANSING, JJ.

## OPINION

PARKER, Judge.

This case arose from the termination of appellant's employment as a district court reporter for the judicial district encompassing respondent counties. Appellant sued the counties, claiming his termination violated the Minnesota Veterans Preference Act and the Minnesota Human Rights Act. On cross-motions for summary judgment, the district court ruled that appellant was not an employee of respondent counties and dismissed his complaint. We affirm.

## FACTS

Appellant Jerome F. Voight, Sr., is a 58-year-old male veteran. From 1971 to 1983 he was employed as an official court reporter for Judge Thomas Stahler in the Eighth Judicial District, which encompasses respondent counties. In 1982 Judge Stahler suffered a stroke, and on February 15, 1983, he retired. On January 7, 1983, Judge Stahler had specifically appointed Voight his court reporter until February 15, 1983.

After Judge Stahler's retirement, Voight became a "floating" reporter, doing work for various district court judges. Voight continued to receive the same salary and benefits as he had before Judge Stahler's retirement.

On March 25, 1983, Judge Keith Davison was sworn in to fill the vacancy created by Judge Stahler's retirement. Judge Davison began searching for a court reporter, and Voight interviewed for the position. On May 9, 1983, Voight was notified that Judge Davison had selected another person to be his court reporter. Voight was then informed by the Stevens County Auditor that his salary and benefits would be terminated as of May 15, 1983. He received no written reasons for his termination.

Voight brought an action against the counties of the Eighth Judicial District, alleging that his termination violated the Minnesota Veterans Preference Act, Minn. Stat. § 197.46 (1984), and the Minnesota Human Rights Act, Minn.Stat. § 363.03 (1984).

On cross-motions for summary judgment, the district court found that Voight was not an employee of respondent counties and dismissed the complaint.

## ISSUE

Did the trial court err in finding that appellant was not an employee of respondent counties or in dismissing the complaint?

## DISCUSSION

Summary judgment may be granted if "there is no genuine issue as to any material fact." Minn.R.Civ.P. 56.03. When reviewing the district court's entry of summary judgment, this court applies the same standard to determine whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *Home Mutual Insurance Co. v. Snyder,* 356 N.W.2d 780, 783 (Minn. Ct.App.1984) (citing *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979)).

Voight acknowledges that if he were a State employee, he could not prevail in this action because he did not sue the State. He contends, however, that he was a county employee. He also claims that the identity of his employer is a question of fact. We disagree with both of Voight's contentions.

■ Voight's status as a State or county employee is a question of law and is thus amenable to summary judgment. *See Paske v. County of Dakota,* 356 N.W.2d 775, 777 (Minn.Ct.App.1984), *petition for rev. granted,* 363 N.W.2d 46 (Minn.1985).

Minn.Stat. § 43A.08, subd. 1(k) (1984), provides that the following employees hold unclassified positions in the State civil service:

Judges and *all employees of the judicial branch,* referees, receivers, jurors, and notaries public, except referees and adjusters employed by the department of labor and industry.

(Emphasis added).

The judicial branch is defined in Minn. Stat. § 43A.02, subd. 25 (1984):

"Judicial branch" means all judges of the appellate courts, all employees of the appellate courts, including commissions, boards and committees established by the supreme court * * * and *all judges of all courts* of law and other agencies placed in the judicial branch by law.

(Emphasis added).

■ Voight argues that because the position of court reporter is not specifically enumerated in the statute, a court reporter for a district court judge is not an employee of the judicial branch. This argument is meritless. The statute governing the appointment of court reporters provides in relevant part:

Each judge * * * may appoint a competent stenographer as reporter of the court, to hold office during his pleasure, and to act as his secretary in all matters pertaining to his official duties.

Minn.Stat. § 486.01 (1984). Therefore, a court reporter serving a district court judge under Minn.Stat. § 486.01 is an employee of the State in the judicial branch.

This interpretation is supported by *Keuhn v. State, Department of Tenth Judicial District,* 271 N.W.2d 308 (Minn. 1978), in which a district court reporter sought workers' compensation benefits. The State urged on appeal that the court reporter was an employee of the counties, not the State. The court disagreed, stating:

Statutory provisions require the conclusion that [Kuehn] is an employee of the state: He was appointed a court reporter by the district judge and served at his pleasure. Minn.St. 486.01. Both were state employees and unclassified civil servants. Minn.St. 43.09, subd. 2(10). The charges employee could make for his

official transcript work were set by statute also. Minn.St. 486.06. Moreover, the traditional factors considered in determining whether employee was an employee of the counties clearly permitted the court of appeals to find there was no employment relationship between him and them. Although the counties paid employee's salary * * *, they were required to do so by § 486.05. They also [provided other benefits] but they could neither have hired nor discharged him and—the most significant factor of all— did not and could not control his performance of his duties.

*Id.* at 310 (footnote omitted).

■ The same analysis can be applied in this case to reach the conclusion that Voight was an employee of the State. Although Voight's salary was paid by the counties, they did so pursuant to statute, *see* Minn.Stat. § 486.05 (1984), and had no input into the amount he was paid. Furthermore, the counties did not hire Voight and lacked the authority to fire him or to control his work.

In *Paske* this court ruled that court reporters working for the county court were county employees and were thus entitled to severance benefits under a county-provided personnel plan. In so doing, however, we distinguished *Kuehn* on the facts. The employment relationship in this case is much more similar to *Kuehn* than *Paske*.

Voight argues that after February 15, 1983, his employment relationship changed so that he was no longer working as a court reporter pursuant to Minn.Stat. § 486.01. We agree that after February 15 the terms of Voight's employment changed. Until that date, Voight was working pursuant to Judge Stahler's appointment. After that date, the district court administrator allowed Voight to "hold over" and continue to draw salary and benefits while being utilized as a floating reporter. He apparently did so in the expectation that Voight would be reappointed by Judge Stahler's successor. This change, however, did not alter Voight's status as a State employee.

The district court administrator is an employee of the State, not of respondent counties. Pursuant to Minn.Stat. § 484.68, subd. 1 (1984), the district court administrator is appointed by the chief judge of the judicial district, subject to approval of the supreme court. As such, the district court administrator is an unclassified State civil service employee. *See* Minn.Stat. § 43A.08, subd. 1(k). Thus, Voight remained an employee of the judicial branch and served as a private secretary in a confidential relationship to whichever judge he served.

### DECISION

The evidence establishes as a matter of law that appellant was an employee of the State in the judicial branch and not an employee of respondent counties. Therefore, the trial court did not err in its finding or in dismissing appellant's complaint.

Affirmed.