Pablo DAVILA, Appellant,

v.

RAMSEY COUNTY COMMUNITY HU-MAN SERVICES DEPARTMENT, Respondent.

No. C1–85–687.

Court of Appeals of Minnesota.

Sept. 24, 1985.

Theodore J. Collins, Mark W. Gehan, Jr., St. Paul, for appellant.

Tom Foley, Ramsey County Atty., Elaine Ashbaugh, Asst. County Atty., St. Paul, for respondent.

Heard, considered, and decided by FORS-BERG, P.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Following a hearing before the Ramsey County Civil Service Commission (commission) to review employee Pablo Davila's discharge under the veteran's preference statute, the commission found that the Ramsey County Department of Human Services (HSD) had just cause to discharge Davila under the rules of the commission. However, the commission reduced Davila's discipline, requiring a six month suspension while he obtained therapy. Both parties appealed the commission's order to the Ramsey County District Court. HSD appealed arguing that the commission did not have the power to suspend once just cause to discharge had been found. Davila appealed claiming there was no just cause for any sanctions. The district court held that the commission exceeded its jurisdiction by reducing an employee's discipline once the commission found that the employer had just cause for discharging the employee under the civil service rules.

Davila appeals to this court from this order. He asserts appellate jurisdiction and argues that the commission had authority to reduce his discipline, and that he should not be disciplined at all because the employer violated his rights to procedural due process, breached his employment contract, and denied substantive due process.

## FACTS

Appellant, Pablo Davila, received a "notice of intent to discharge" from his employer, Ramsey County Human Services Department, on February 27, 1984. This notice alleged specific actions and dates of his sexual harassment of female subordinates and indicated the specific Ramsey County Civil Service Rules breached by this misconduct.

Davila exercised his right as a veteran, under Minn.Stat. § 197.46 (1984), to request a hearing before the Ramsey County Civil Service Commission, and the request was granted. A full hearing was held in which both parties, represented by counsel, called and cross-examined witnesses. The proceedings were transcribed.

The commission found that (1) Davila had sexually harassed subordinate women employees on numerous occasions, (2) Davila's conduct "violated specific provisions of the Civil Service Rules which constitute cause for discharge," (3) Davila had sufficient opportunity to know and should have known that his behavior was in violation of the rules and constituted sexual harassment generally, and (4) his record of long service, his age and personal health did not mitigate the proved charges against him. However, the commission decided "under its authority as provided under the Civil Service Rules, to reduce the discharge" to suspension for six months without pay, therapy and return to employment in a demoted status after certification from a therapist that it can reasonably be expected that Davila's harassing behavior will not recur. The commission reasoned that Davila's age, poor health and long record of employment by Ramsey County were relevant in setting the appropriate discipline.

The employer appealed this decision pursuant to Minn.Stat. § 383A.29, subd. 15 (1984) to the district court and the employee appealed this decision pursuant to Minn. Stat. § 383A.29, subd. 15 and § 197.46. The district court remanded to the commission with instructions that the commission enter an order affirming the action of the employer discharging the employee.

The employee appeals to this court asserting jurisdiction under Minn.R.Civ. App.P. 103.03(g).

## ISSUES

1. Does this court have jurisdiction to review a district court order which reviewed an order of the Ramsey County Civil Service Commission made pursuant to the Veteran's Preference Act?

2. Did the district court properly rule that the Ramsey County Civil Service Commission had no authority to reduce an employee's discipline when it found just cause for discharge?

## ANALYSIS

### I.

*Jurisdiction*

Davila asserts jurisdiction under Minn.R. Civ.App.P. 103.03(g) which allows an appeal

except as otherwise provided by statute, from a final order, decision or judgment affecting a substantial right made in an administrative or other special proceeding, provided that the appeal must be taken within the time limited for appeal from an order.

■ The administrative hearing before the commission was subsequently reviewed by the district court. Two statutes authorize appeal from the commission to the district court. Minn.Stat. § 197.46, the Veteran's Preference Act, states:

No person holding a position by appointment or employment in the several counties, * * *, who is a veteran separated from the military service under honorable conditions, shall be removed from such position or employment except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges, in writing.

\*      \*      \*      \*      \*      \*

In all governmental subdivisions having an established civil service board or commission, or merit system authority, such hearing for removal or discharge shall be held before such civil service board or commission or merit system authority. * * * *The veteran may appeal from the decision of the board upon the charges to the district court.*

(emphasis added.) This statute does not indicate whether or not further appeal is allowed. Minn.Stat. § 383A.29, subd. 15 (1984) governs the rights of all employees, veteran and non-veteran, before the Ramsey County Civil Service Commission:

(a) No person in the classified service, who is permanently appointed or induct-

ed into the service, may be removed, demoted or discharged except for cause. * * * After the hearing the commission may, if it considers the evidence to so warrant, affirm the action of the [employer], or, if the commission determines the action of the [employer] to be without just cause, order the reinstatement of the employee, or the commission may, in its judgment, reduce the punishment sought to be applied by the [employer] to a reduction or suspension. * * * *An [employer] or employee may appeal from the decision of the commission to the district court of Ramsey county,* which court shall determine whether the record of the hearing contains evidence upon which the commission could have reached its decision and whether the commission abused the discretion granted it. *There is no appeal from the determination of the district court* in the matter.

(emphasis added). Thus, § 383A.29 affirmatively forbids appeal from the district court, while § 197.46 is silent. For the reasons outlined below, we hold that this court has jurisdiction over Davila's appeal from the district court.

This matter has proceeded as one governed by § 197.46. Proceedings under § 197.46 are distinct. Veteran's preference statutes give employment preferences to veterans not available to others. The fact that standards for reviewing discharge for veterans under § 197.46 have some similarity[1] to non-veteran proceedings under § 383A.29 still leaves the Veteran's Preference Statute controlling as to veterans who also happen to be Ramsey County employees.

The Notification of Intent to Discharge advised Davila of his rights as a veteran to a hearing and to fully paid status until the Commission's decision. Davila's attorney specifically requested the commission hearing under the provisions of the Veteran's Preference Act, and that request was

---

1. For example, "misconduct" as used in the Veteran's Preference Act is equivalent to the "just cause" provisions of the Civil Service rules.

*Leininger v. City of Bloomington,* 299 N.W.2d 723 (Minn.1980).

granted. Because § 197.46 does not specifically prohibit appeal of the district court's decision, we hold that this court has jurisdiction over such an appeal under Minn.R. Civ.App.P. 103.03(g).

This matter is in the nature of an administrative proceeding. It affects a substantial right: Davila's right as a veteran not to be discharged except for incompetency or misconduct. The district court's order affecting this right is final under Minn.R.Civ. App.P. 103.03(g).

We note that to hold otherwise would deny veterans employed by Ramsey County a right enjoyed by all other publicly employed veterans in this state: the right to appeal district court decisions to this court. The Minnesota Supreme Court has considered veteran's appeals, although none have involved decisions of the Ramsey County Civil Service Commission or statutes similar to § 383A.29. *See e.g. Johnson v. Village of Cohasset*, 263 Minn. 425, 116 N.W.2d 692 (1962); *Essling v. St. Louis County Civil Service Commission*, 283 Minn. 425, 168 N.W.2d 663 (1969). This court has also heard appeals from determinations made under the Veteran's Preference Act. *See e.g. City of St. Paul v. Winger*, 368 N.W.2d 779 (Minn.Ct.App. 1985); *Voight v. Counties of Big Stone*, 365 N.W.2d 349 (Minn.Ct.App.1985), *pet for rev. den.* June 24, 1985; *Spencer v. City of Minneapolis*, 363 N.W.2d 330 (Minn.Ct. App.1985).

*Stubben v. Board of County Commissioners of Hennepin County*, 273 Minn. 361, 141 N.W.2d 499 (1966) held that it is possible to modify rights granted veterans under § 197.46. We distinguish that case. *Stubben* held that a statute enacted subsequent to the Veteran's Preference Act explicitly providing that a hospital administrator was to serve at the pleasure of the county board took precedence over the Veteran's Preference Act's requirement that veterans be discharged only for incompetence. The board discharged Stubben pursuant to its statutory powers. He brought an action to compel his reinstatement, claiming the board violated the re-

quirements of the Veteran's Preference Act, including the right to a hearing. *Stubben* held that the subsequent explicit statute governing that position controlled. Here, both sides agree this proceeding is governed by the Veteran's Preference Act.

*Scannell v. City of St. Paul*, 282 Minn. 214, 163 N.W.2d 872 (1969) held that a statute which *explicitly* stated that the Veteran's Preference Act did not apply to certain St. Paul Fire and Police Department employees subject to compulsory retirement statute removed those employees from the normal protections of the Veteran's Preference Act. *Scannell*, because of the explicit statutory language discussing the Veteran's Preference Act, is distinguishable.

Here, no such explicit statutory language removes Davila's right as a veteran to appeal to this court. We "cannot supply that which the legislature purposely omits or inadvertently overlooks." *Northland Country Club v. Commissioner*, 308 Minn. 265, 271, 241 N.W.2d 806, 809 (1976).

We find appellate jurisdiction in this court.

## II.

*Reduction of discipline*

Ramsey County Community Services Department (HSD) argues that the commission exceeded its authority by reducing Davila's discipline. The commission made the following determination and order:

1. That on numerous occasions involving subordinate female employees, Mr. Pablo Davila engaged in conduct that constituted sexual harassment.

2. That Mr. Pablo Davila's conduct toward said female employees violated specific provisions of the Civil Service Rules which constitute *cause for discharge*.

3. That Mr. Pablo Davila had sufficient opportunity to know and should have known that his behavior was in violation of the Civil Service Rules specifically and constituted sexual harassment generally.

4. That though Mr. Pablo Davila's record of long service, his age and personal health *do not mitigate the proved charge* against him they are *relevant in the setting of an appropriate penalty.*

In consideration of all the evidence and testimony given on the part of both parties, the Civil Service Commission hereby determines that the employer has proved the charges set forth in the Intent to Discharge of February 27, 1984. However, in the case of Mr. Pablo Davila, with reference to his personal circumstances, *a discharge from employment would constitute a greater penalty than the loss of employment.*

\* \* \* \* \* \*

It is therefore the order of the Civil Service Commission under its authority as provided under the Civil Service Rules, to reduce the discharge.

(emphasis added). Thus, the commission found that HSD had just cause to discharge Davila, but reduced the penalty due to mitigating circumstances.

■ The commission's authority to reduce discipline is a question of law and this court need not defer to the commission's interpretation of it. *Blue Earth County Welfare Department v. Cabellero,* 302 Minn. 329, 225 N.W.2d 373 (1974). The statute governing the commission provides:

> After the hearing the commission may, if it considers the evidence to so warrant, affirm the action of the appointing officer, or, if the commission determines the action of the appointing officer to be without just cause, order the reinstate-,ment of the employee, *or the commission may, in its judgment, reduce the punishment sought to be applied by the appointing officer to a reduction or suspension.* If the commission determines that the action of the appointing officer is without cause, it may order the accused employee to be paid his salary during the period he was off duty because of removal without cause.

Minn.Stat. § 383A.29, subd. 15 (1984) (emphasis added).

■ The district court, in its analysis of this statute, reasoned that the phrase "if the commission determines the action of the appointing officer to be without just cause" modifies the phrase "the commission may, in its judgment, reduce the punishment." In other words, a determination by the commission that the employee's discharge was without just cause is a positive condition precedent to reducing the discipline. We disagree. The statute sets out three alternative courses of action. The commission may (if the evidence warrants) affirm the employer's action, *or* (if it finds no just cause) order reinstatement, *or* reduce the discipline.

Our interpretation follows a Minnesota Supreme Court decision finding civil service commission authority to reduce discipline. *City of Minneapolis v. Singer,* 253 N.W.2d 150 (Minn.1977) held that the Minneapolis Civil Service Commission had authority, under the city charter, to modify discipline of a non-veteran. The Minneapolis city charter did not expressly authorize the commission to modify discipline. The court reasoned:

> [T]he hearing provided by the charter is a full hearing with the commission making findings and then issuing a decision to be enforced by the appointing officer. Minneapolis City Charter, c. 19 § 11. The charter clearly does not contemplate that the commission serve merely as a body which reviews findings by appointing officers or department heads. The fact that the commission is not just a reviewing body suggests that the function of the commission is not simply to approve or disapprove the recommendation of the department head, but to decide for itself what penalty, if any, is justified. \* \* \* [I]t makes sense that the commission should be able to decide matters of punishment because one of the specified functions of the commission is to standardize matters relating to the public service.

*Id.* at 151–52.

Here, although the commission reviews actions of employers, it also hears evi-

dence, records it, and makes findings. It may be a reviewing body, but it also exercises powers similar to those of a trial court. The authority to modify discipline is consistent with such powers.

*Leininger v. City of Bloomington*, 299 N.W.2d 723 (Minn.1980) involved the authority of a merit board to modify discipline of a veteran. The Minnesota Supreme Court held that § 197.46 does not contemplate that "the commission serve merely as a body which reviews findings by appointing officers or department heads." 299 N.W.2d at 727. The court held that §§ 197.46 and 197.455 authorized the merit board to modify discipline.

■ Because this action is one proceeding under § 197.46 and § 197.455, *Leininger* authorizes the commission to reduce discipline.

HSD attempts to distinguish *Leininger* by claiming that the merit board in *Leininger* found that the facts did not justify the demotion imposed by the employer, despite upholding the demotion. However, as the court noted, it is unclear just what the merit board decided:

[A]lthough the Board decided that the discipline was "warranted," it also came to the following conclusion:

The Merit Board further concludes that its only options in this matter were to either sustain or not sustain the proposition that the City had sufficient cause for its proposed action. The Board thus felt not in a position to comment on, or render a decision as to, its feelings regarding the severity of the proposed discipline (demotion), and thus not in a position to modify such proposed discipline.

*Leininger*, 299 N.W.2d at 728. Thus, the merit board could have found just cause for the demotion while questioning the severity of the demotion.

■ Davila claims that HSD denied him procedural due process, substantive due process, and breached his employment contract. We have reviewed these claims and hold that they lack merit.

**DECISION**

1. This court has jurisdiction over appeals from a district court review of Veteran's Preference proceedings under Minn. Stat. § 197.46 (1984).

2. The Ramsey County Civil Service Commission has authority to modify discipline imposed on a veteran. The order of the district court is reversed and this matter is remanded for an order affirming the Ramsey County Civil Service Commission's ruling.

Reversed and remanded.

FORSBERG, Judge, dissenting:

I respectfully dissent from the majority on their interpretation of Minn.Stat. § 383A.29, subd. 15. I agree with the district court that this statute limits the authority of the Ramsey County Civil Service Commission in a case like this where the commission finds the evidence warrants the employer's action.

A commission may never exceed its specific grant of authority:

It should be recognized that a civil service commission exercises purely statutory power and must find within the statutes the authority to exercise the power it claims. *A commission can exercise only such authority as is legally conferred by express provisions of law* or such as, by fair implication and intendment, is incident to and included in the authority expressly conferred for the purpose of carrying out and accomplishing the objectives for which the commission was created. Any reasonable doubt as to the existence of any particular power in the commission should be resolved against the exercise of such authority.

*Essling v. St. Louis County Civil Service Commission*, 283 Minn. 425, 168 N.W.2d 663, 665 (1969) (cites omitted) (emphasis added).

The Ramsey County Civil Service Commission authority is accordingly limited by Minn.Stat. § 383A.29, subd. 15. I interpret this statute as diagramed.

After the hearing the commission may,

IF it considers the evidence to so warrant, affirm the action of the appointing officer,

OR

IF the commission determines the action of the appointing officer to be without just cause,

order the reinstatement of the employee,

or

the commission may, in its judgment, reduce the punishment sought to be applied by the appointing officer to a reduction or suspension.

*Id.*

Following the hearing to review Davila's discharge, the commission found that (1) employee had sexually harassed subordinate employees on numerous occasions, (2) employee's conduct "violated specific provisions of the Civil Service Rules which constitute cause for discharge," (3) employee had sufficient opportunity to know and should have known that his behavior was in violation of the rules and constituted sexual harassment generally, and (4) his record of long service, his age and personal health do not mitigate the proved charges against him.

Since the commission found the evidence warranted Davila's discharge, Minn.Stat. § 383A.29, subd. 15(a), limited the commission's authority to "affirm[ing] the action of the appointing officer." *See id.*

Only if the commission found the county's action (discharging Davila), was *without* just cause (no breach of rules justifying discharge), could the commission order reinstatement or reduce the punishment. An example where the commission could reduce punishment would be where the commission found a discharged employee had engaged in misconduct which did not justify discharge under civil service rules. Here, Davila's conduct was found to have constituted such just cause for discharge. Therefore, the county should not be forced to re-instate him.

If Minn.Stat. § 383A.29, subd. 15(a) is read as to allow the commission to re-fashion a remedy in *any* case, the first proviso of the statute would be rendered meaningless. Minn.Stat. § 645.17 (1984), governing the construction of statutes states: "Provisos shall be construed to limit rather than to extend the operation of the clauses to which they refer." Also "the legislature intends the entire statute to be effective and certain." Minn.Stat. § 645.17(2) (1984).

The fact that employee's right of appeal is derived from the Veteran's Preference Statute does not imply remedies should be re-fashioned by a reviewing commission. In certain counties or cities a commission may have this authority because the local governing body granted it such authority. *See City of Minneapolis by Johnson v. Singer,* 253 N.W.2d 150 (Minn.1977) (Minneapolis City Charter grants commission authority to re-fashion remedy); *Leininger v. City of Bloomington,* 299 N.W.2d 723 (Minn.1980) (Bloomington Merit Board had specific authority to fashion remedies therefore review of veteran's discharge not restricted to affirming or reversing city's action).

CONCLUSION:

I would affirm the district court order.