### STATE EX REL. B. F. ALLEN v. A. J. RUSH.[1]

November 19, 1915.

Nos. 19,548—(20).

**Old Soldier's Law.**

> Chapter 263, Laws of 1907, known as the "Old Soldier's Law," does not apply to the position of deputy inspector of oils, as chapter 502, Laws of 1909, expressly empowers the chief inspector to remove such deputies at pleasure.

Upon the relation of B. F. Allen the district court for Ramsey county granted its alternative writ of mandamus directing A. J. Rush, as chief state inspector of oils for the state of Minnesota, to reappoint relator to the office of deputy inspector of oils for McLeod county or show cause why he had not done so.  The demurrer of respondent to the writ and petition was overruled, Kelly, J., and the court certified that the question presented by the demurrer was important and doubtful.  From the order overruling the demurrer to the petition and writ, defendant appealed. Reversed.

*Lyndon A. Smith,* Attorney General, and *William J. Stevenson,* Assistant Attorney General, for appellant.

*G. W. Brown,* for respondent.

TAYLOR, C.

Relator was appointed deputy inspector of oils for the county of McLeod on February 11, 1911, by Guy Eaton, then chief state inspector of oils, and performed the duties of such deputy inspector from the time of his appointment until April 16, 1915.  Defendant was appointed to succeed inspector Eaton, whose term of office had expired, and became chief state inspector of oils on February 22, 1915.  On April 16, 1915,

[1] Reported in 154 N. W. 947.

defendant appointed one Frank Kasper as deputy inspector for the county of McLeod, and notified relator that relator's term of office would expire on that date. Relator was a soldier in the Union Army in the Civil War and was honorably discharged therefrom, and is a citizen and resident of Minnesota and competent and qualified to perform the duties of a deputy inspector of oils. Kasper has not served in either the army or navy. After receiving the notice that his term of office had expired, relator made a demand upon defendant for reinstatement or reappointment as such deputy inspector, and based such demand upon chapter 263, p. 355, of the Laws of 1907, known as "The Old Soldier's Law." Defendant did not comply with this demand, and thereupon relator procured the issuance of an alternative writ of mandamus, commanding defendant to "forthwith restore and reappoint relator to the office of deputy inspector of oils for McLeod county, * * * or * * * show cause to the contrary thereof." Defendant demurred to the alternative writ and to the petition upon which it was based, upon the ground that they did not state facts sufficient to constitute a cause of action. The district court overruled the demurrer, but certified that the question presented thereby was important and doubtful, and that he made such certification for the purpose of permitting an appeal from the order. Defendant appealed.

"The Old Soldier's Law" provides that, in making appointments, preference shall be given to honorably discharged soldiers, sailors, and marines who are citizens of this state; that, if any such soldier, sailor or marine shall apply for appointment to a position to be filled by appointment, he shall be appointed to such position if qualified therefor; that he shall not be removed from a position held by him, unless charges of incompetency or misconduct have been proven at a hearing of which he had due notice; and that the rights given by the act may be enforced by mandamus. The act further provides: "Nothing in this act shall be construed to apply to the position of private secretary or deputy of any official or department or to any person holding a strictly confidential relation to the appointing officer."

The question presented is whether appointments to the office of deputy inspector of oils, and removals from such office, are governed and controlled by this law. The relator contends that, although the incumbent of this office is designated by statute as a deputy, his status should be de-

termined from the nature of his duties; that he is, in fact, not a deputy, but merely an assistant or employee; and that the law applies to such positions notwithstanding the fact that it does not apply to the position of deputy.

We find it unnecessary to determine whether a deputy oil inspector is, or is not, a deputy within the meaning of the provision quoted from the statute. This act was passed in 1907. The present act governing the inspection of oils was passed in 1909, and is chapter 502, p. 630, of the laws of that year. This latter act, after providing for the appointment of "a chief state inspector of oils" by the Governor, provides that "such inspector may appiont and at pleasure remove" two deputy inspectors for Hennepin county, two for Ramsey county, and one for each of the other counties, and further provides in the last section of the act that "All acts or parts of acts conflicting with any of the preceding sections of this act are hereby repealed." By this act the legislature expressly empowered the chief inspector to remove deputy inspectors at his pleasure, and, although certain sections of the act have since been amended, this provision still remains unchanged. Assuming without deciding that the "Old Soldier's Law" would apply to the position in controversy in the absence of a subsequent statute providing otherwise, the provision quoted from the subsequent act of 1909, especially when coupled with the express repeal of all provisions inconsistent therewith, gave defendant the power to remove the relator whenever defendant should elect to do so. The legislature has clothed the chief inspector with the absolute and unlimited power to remove deputy inspectors at his pleasure, and the courts cannot interfere with the exercise of such power. Whatever the status of such deputies might have been, were it not for this provision, this provision places them outside the protection of the "Old Soldier's Law," and the relator has no legal right to the office which can be enforced by the courts.

Order reversed.