### STATE EX REL. JEWELL MALEY v. N. H. DEBEL AND OTHERS.[1]

February 6, 1942.

No. 32,985.

[1]Reported in 2 N. W. (2d) 432.

*McMeckin & Quinn,* for appellant (relator below).

*J. A. A. Burnquist,* Attorney General, and *John A. Weeks,* Assistant Attorney General, for respondents.

STONE, JUSTICE.

Relator demands reinstatement as an employe of the industrial commission. Unsuccessful below, she appeals from the judgment.

The case arises under the civil service act, L. 1939, c. 441, effective April 22, 1939. Although she had been employed by the industrial commission for five years, her tenure for six months after the law took effect was that of a probationer. §§ 10 and 21 (Mason St. 1940 Supp. §§ 254-58 and 254-69). August 1, 1939, by summary notice, specifying no cause, her status as a "regular" employe was terminated. (She was forthwith reëmployed on a "temporary" basis.) Her present claim is that she could not have been lawfully summarily dismissed or demoted without "just cause."

The law itself interposes an insurmountable obstacle to relator's success. By § 24 (*Id.* § 254-72), the immunity from discharge or demotion without "just cause" is confined to permanent employes. By § 21 (*Id.* § 254-69), these six-months probationers were expressly subjected to "dismissals or demotions * * * at any time during such period," subject to the exception stated in § 19(3) (*Id.* § 254-67[3]), not here applicable.

Hence, as a probationer and under plain terms of the law, relator was subject, for six months from April 22, 1939, to summary dismissal. That is the way the legislature has fixed the law. It is not for us to remake it in that or any other particular.

Judgment affirmed.