## STATE EX REL. OWEN B. STUBBEN v. BOARD OF COUNTY COMMISSIONERS, HENNEPIN COUNTY.

141 N. W. (2d) 499.

March 18, 1966—No. 40,082.

*Lindquist, Magnuson & Glennon, Leonard E. Lindquist, Richard E. Wetherall,* and *Frank R. Berman,* for appellant.

*George M. Scott,* County Attorney, and *John K. Harvey,* Assistant County Attorney, for respondent.

KNUTSON, CHIEF JUSTICE.

This is an appeal from an order quashing a writ in the nature of mandamus to compel the county board of Hennepin County to reinstate petitioner as the administrator of the Hennepin County General Hospital.

Prior to 1964 the hospital, which was located in the city of Minneapolis, had been operated by the city. The legislature by the enactment of L. 1963, c. 738, provided for the taking over of the hospital by Hennepin County under quite specific rules for its operation. Among other things the act contained provisions for the appointment of an administrator. With respect to control and operation, § 2 contains the following provisions:

"Subdivision 1. The Hennepin county general hospital is established, to provide principally for hospital care and medical service to the poor and the medically indigent of Hennepin county, and of others in emergencies, as provided in section 1, and for such instruction and scientific research as will promote the welfare of the patients committed to its care and will assist in the application of science to the alleviation of human suffering. The county board shall have full control over the management, operation, and maintenance of the hospital and shall by resolution provide such rules and regulations for that purpose as it considers necessary or desirable. * * *

"Subd. 2. The hospital shall be managed, operated, and maintained under the supervision of a competent hospital administrator *appointed by and serving at the pleasure of the county board,* at a salary fixed by the board, who before his appointment shall have had experience as an executive of a private or public hospital or comparable institution. The administrator shall give a bond to the county in an amount fixed by the board, approved and filed in the same manner as bonds of other county officers, and the county shall pay the premium for the bond. All pur-

chases of supplies, materials, and equipment for the hospital shall be made through the county purchasing department.

"Subd. 3. The county board through the administrator may employ all other help necessary in the management, operation, and maintenance of the hospital, both professional and nonprofessional, at compensation and in accordance with regulations established by the board, subject to the provisions of section 6, and the administrator shall perform all other duties prescribed and imposed by the board. The administrator and all hospital officers and employees appointed by him shall be officers and employees of the county, under the jurisdiction of the county board, and shall be paid at the times and in the manner provided for other county officers and employees." (Italics supplied.)

Pursuant to this provision petitioner was appointed by resolution of the board to act as hospital administrator-designate on July 24, 1963. On August 1, 1963, he began working on a part-time basis and finally took over the operation of the hospital as administrator, as stated below. No definite term of employment was included in the resolution.

On December 17, 1963, the county board adopted by resolution what was known as the Hennepin County Personnel Plan, which gave to the employees of the county certain rights with respect to removal, tenure, etc. Throughout the Personnel Plan, which we need not detail here, reference is made to heads of departments, and it appears also that the position of administrator of the hospital was covered by the plan.

On January 1, 1964, the Hennepin County General Hospital went into operation and petitioner assumed his duties as the duly appointed hospital administrator. He was furnished a document describing his duties, which contained these provisions:

"Kind of work: Difficult and complex hospital management.

"Difficulty and Responsibility of Work: The employee in this class is responsible for the administration of a comprehensive hospital care and medical service program involving in-patient, out-patient, emergency and mental health services. Duties involve the development and implementation of sound administrative and medical services as well as the development of long-term plans and programs to meet future needs of

the hospital. *Within the policies established by the County Board, this employee has full responsibility for an effective hospital program including the development and execution of policies.*

"Essential Requirements of Work:

"Extensive knowledge of the principles, methods and procedures of hospital administration including organization and functions of a modern hospital.

"Extensive knowledge of law and regulations governing operations of a major general hospital.

"Considerable knowledge of the principles of accounting, personnel management, purchasing and budgeting.

"Considerable knowledge of building operations, maintenance and repair.

"Ability to develop and carry out long term policies and programs.

"Ability to plan, integrate and evaluate the activities of a diversified hospital program.

"Ability to maintain an effective program of public relations.

"Ability to develop and maintain effective working relationships with professional and non-professional employees, interested community agencies, county officials and the general public.

"Examples of Work: (Illustrative only; indicates kinds of work performed in the class outlined above.)

"Plans, implements and directs the development of organization, personnel, facilities and equipment to provide comprehensive in-patient, out-patient, emergency and mental health services.

"Directs the development and maintenance of diagnostic, treatment and ancillary services, laboratories, operating rooms, supplies, records, food and other services to properly support medical and nursing care.

"Directs the analysis of organization and operations to discover opportunities for improvement.

"Directs the development and implementation of sound accounting systems and procedures including the establishment of a budgetary system and proper credit practices and procedures.

"Directs the study and development of short and long term plans and programs to meet current and future hospital needs.

"Advises the property manager on the operation and maintenance of physical facilities to properly support the hospital medical needs.

"Provides for the development and maintenance of an aggressive public relations program to interpret hospital programs and policies to patients, personnel and the general public.

"Reports to and consults with the Hennepin County Board of Commissioners on policy matters and performance reports.

"Performs related work as required.

"Minimum Qualifications: Graduation from an accredited college with a degree in Hospital Administration. Five years of experience in all phases of hospital management including experience as an Assistant or Associate Administrator." (Italics supplied.)

Petitioner seems to have had considerable difficulty in getting along with the medical staff of the hospital and others. His employment continued until July 6, 1965, when the county board adopted the following resolution:

"Be It Resolved, that the Board of County Commissioners of Hennepin County, Minnesota, hereby terminates the services of Owen B. Stubben as Administrator of Hennepin County General Hospital effective July 9, 1965."

Petitioner orally requested a hearing to determine the reasons for termination, which request was denied. Later, by letter he requested a hearing, basing his right upon the Hennepin County Personnel Plan and Minn. St. 197.46 of the Veterans Preference Act, but this request also was denied. Thereafter he applied to the district court for an alternative writ seeking to compel his restoration to the position pending a hearing on the administrative level. The trial court held against him and this appeal followed.

On appeal petitioner contends that he is entitled to a hearing before he can be dismissed (1) under the Hennepin County Personnel Plan, and (2) under Minn. St. 197.46 of the Veterans Preference Act. In addition he contends that the court could not determine whether he is within the Veterans Preference Act but that this determination must be made on the administrative level.

■ We may quickly dispose of the last contention. Having invoked the jurisdiction of the court by asserting that he is within the act in his petition for a writ in the nature of mandamus,[1] petitioner can hardly deny the power of the court to determine whether he is entitled to the relief he prays for.

In State ex rel. Jenkins v. Ernest, 197 Minn. 599, 600, 268 N. W. 208, 209, we said:

"It is * * * well settled that a writ of *mandamus* brought against the proper appointing authority or authorities is the appropriate remedy to compel reinstatement when an officer or appointee has been discharged; and if it is shown that his dismissal was in violation of the civil service laws he will be restored to his former position."

■ Except as provided by the Veterans Preference Act (§ 197.46),[2] not only must the court determine whether petitioner is entitled to the relief prayed for but the burden rests on petitioner to establish that right. State ex rel. Schwartzkopf v. City of Brainerd, 121 Minn. 182, 141 N. W. 97, 46 L. R. A. (N. S.) 9. It follows that the court clearly had the right to determine whether the rules and statutes petitioner relies upon would have any application to him.

■ While the court made no specific finding as to the effect of L. 1963, c. 738, which provides that "[t]he hospital shall be managed, operated, and maintained under the supervision of a competent hospital administrator *appointed by and serving at the pleasure of the county board*" (italics supplied), we cannot ignore this statutory provision in determining the applicability of the Personnel Plan or the Veterans Preference Act. The matter of tenure and removal of public officers and employees is within the control of the legislature unless limited by the

---

[1] While mandamus as such was abolished by Rule 81.01(2), Rules of Civil Procedure, the remedy formerly obtainable under it is still available by petition. The scope of the remedy and the rules appertaining to its availability are the same as before.

[2] Minn. St. 197.46 contains a provision requiring the appointing authority to establish the relationship which will exclude an officer or employee from the act.

constitution. State ex rel. Brandt v. Thompson, 91 Minn. 279, 97 N. W. 887.

■ The power to appoint officers and employees of a municipal corporation carries with it the power to remove such appointees at pleasure unless the power of removal is restricted by statutory law.[3] Oikari v. Independent School Dist. No. 40, 170 Minn. 301, 212 N. W. 598; State ex rel. McGinnis v. Police Civil Service Comm. 253 Minn. 62, 91 N. W. (2d) 154. The rule is probably as well stated as anywhere in State ex rel. Early v. Wunderlich, 144 Minn. 368, 370, 175 N. W. 677, 678, where we said:

"It is the general rule that a municipal body or official having the power to appoint an officer or subordinate also has the power to remove the appointee at pleasure in the absence of any law restricting the power of removal.* * *

"* * * The manner of making such removals is wholly within the control of the legislature, and when the law which gives the power to remove provides by whom and in what manner that power shall be exercised, the only question open to examination by the courts is whether the statutory requirements have been complied with."

The provisions of § 197.46 of the Veterans Preference Act do provide a limitation on the power of removal if the act is applicable to the facts and the individual involved. State ex rel. Castel v. Village of Chisholm, 173 Minn. 485, 217 N. W. 681.

■ Where a statute provides that a public officer or employee may be removed at pleasure of the appointing authority, he is removable at will, with or without cause. Annotation, 99 A. L. R. 336, 385. .

The case of Jensen v. Independent Consol. School Dist. 160 Minn. 233, 199 N. W. 911, involved the removal of a superintendent of schools. The applicable statute, G. S. 1913, § 2734, provided in part:

"* * * They [the school board] may also elect a superintendent, who shall hold office during the pleasure of the board."

In upholding the power of the board to terminate the employment of the

---

[3] For a good statement of the rule, see Matter of Kropp v. Common Council, 26 Misc. (2d) 127, 207 N. Y. S. (2d) 411.

superintendent without a hearing, we said (160 Minn. 236, 199 N. W. 913):

"* * * The language of the statute 'during the pleasure of the board' is susceptible of but one meaning, and that is that the board may discharge the superintendent whenever, in its discretion, it wishes to do so. [Citations omitted.]

"* * * This right which the board has to release the superintendent at its pleasure is a public right and exists for a public purpose. The school board cannot by contract deprive itself of such right. Under our statute the district has in its discretion the inalienable power to remove the superintendent at any time. It cannot contract to keep him in office for any time certain. It cannot renounce or agree not to exercise its power of removal at pleasure."

The same is true here. The provision of the county Personnel Plan that after a probationary period the employee shall be granted permanent status is inconsistent with the statute, which provides that the administrator is to serve at the pleasure of the county board. He could not be given any greater rights by the board than given by the legislature. Under the statute, the administrator is clearly removable at the pleasure of the county board unless he has some rights under the Veterans Preference Act.

We are not unmindful of the contention of petitioner that the language of the statute is that the administrator is to serve at the pleasure of the board and not that the board may remove him at its pleasure. While the language of statutes including right of removal at pleasure varies to some extent, we think the words "serve at the pleasure of the board" are synonymous with "hold office at the pleasure of the board" or "may be removed at the pleasure of the board." If the board decides the administrator is no longer to serve as such, it would be ridiculous to hold that he could still occupy the position. "Serve at the pleasure of the board" must carry with it the connotation that when it is no longer the pleasure of the board that he serve, he is through. The statute provides that the administrator is practically in control of the hospital and all of its administrative functions; and to contend that he could be removed from service and

still occupy this position and perform the duties entrusted to him requires a vivid imagination.

■ With respect to the rights claimed under the Veterans Preference Act,[4] the trial court was right in holding that petitioner was not under the

---

[4] Minn. St. 197.46 of the act reads:

"Any person whose rights may be in any way prejudiced contrary to any of the provisions of this section, shall be entitled to a writ of mandamus to remedy the wrong, No person holding a position by appointment or employment in the state of Minnesota or in the several counties, cities, towns, villages, school districts and all other political subdivisions or agencies thereof, who is an honorably discharged veteran, shall be removed from such position or employment except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges, in writing. In all governmental subdivisions having an established civil service board or commission, or merit system authority, such hearing for removal or discharge shall be held before such civil service board or commission or merit system authority. Where no such civil service board or commission or merit system authority exists, such hearing shall be held by a board of three persons appointed as follows: one by the governmental subdivision, one by the veteran, and the third by the two so selected. In the event the two persons so selected do not appoint the third person within ten days after the appointment of the last of the two, then the judge of the district court of the county wherein the proceeding is pending, or if there be more than one judge in said county then any judge in chambers, shall have jurisdiction to appoint, and upon application of either or both of the two so selected shall appoint, the third person to the board and the person so appointed by the judge with the two first selected shall constitute the board. The veteran may appeal from the decision of the board upon the charges to the district court by causing written notice of appeal, stating the grounds thereof, to be served upon the governmental subdivision or officer making the charges within 15 days after notice of the decision and by filing the original notice of appeal with proof of service thereof in the office of the clerk of the district court within ten days after service thereof. Nothing in sections 197.45 and 197.46 shall be construed to apply to the position of private secretary, teacher, superintendent of schools, or one chief deputy of any elected official or head of a department, or to any person holding a strictly confidential relation to the appointing officer. The burden of establishing such relationship shall be upon the appointing officer in all proceedings and actions relating thereto.

"All officers, boards, commissions, and employees shall conform to, comply with, and aid in all proper ways in carrying into effect the provisions

protection of the act. The legislature could, if it saw fit, provide for exclusion from the act of those holding certain positions, as it did by providing that heads of departments and some others had no rights under the act. And, having created the rights under the act, it could likewise take them away in a subsequent act, as it did here by providing that under L. 1963, c. 738, the administrator is to serve at the pleasure of the county board.

State ex rel. Allen v. Rush, 131 Minn. 190, 154 N. W. 947, involved L. 1907, c. 263, known as the "Old Soldier's Law." Relator, who was appointed a deputy inspector of oils, claimed he could not be removed from office under the Old Soldier's Law without a hearing. The act creating the office of deputy oil inspector was L. 1909, c. 502, which provided that the chief inspector "may appoint and at pleasure remove" two deputy inspectors. We held that the Old Soldier's Law had no application for the reason, among other things, that the act creating a deputy oil inspector was passed subsequent to the Old Soldier's Law, and by providing that the deputy inspector might be removed at the pleasure of the chief state inspector of oils, it amended the Old Soldier's Law. We said (131 Minn. 192, 154 N. W. 947):

"* * * Assuming without deciding that the 'Old Soldier's Law' would apply to the position in controversy in the absence of a subsequent statute providing otherwise, the provision quoted from the subsequent act of 1909, especially when coupled with the express repeal of all provisions inconsistent therewith, gave defendant the power to remove the relator whenever defendant should elect to do so. The legislature has clothed the chief inspector with the absolute and unlimited power to remove deputy inspectors at his pleasure, and the courts cannot interfere with the exercise of such power. Whatever the status of such deputies might have been, were it not for this provision, this provision places them outside the protection of the 'Old Soldier's Law,' and the relator has no legal right to the office which can be enforced by the courts."

The same is true here. By the enactment of L. 1963, c. 738, even if it

of sections 197.45 and 197.46. Any wilful violation of such sections by officers, officials, or employees is a misdemeanor."

could be held that petitioner normally would have protection under the Veterans Preference Act, that right has been taken away by the provision that he is appointed by and to serve at the pleasure of the county board.

■ Furthermore, it seems clear that the position here involved is excluded by the Veterans Preference Act itself as that of the head of a department. Clearly, under the very terms of L. 1963, c. 738, petitioner is the head of a department. The act gives him almost complete control over administrative functions of the hospital. Some of the tests for determining who constitutes a department head so as to be excluded from the Veterans Preference Act are to be found in State ex rel. Michie v. Walleen, 185 Minn. 329, 241 N. W. 318; State ex rel. Sprague v. Heise, 243 Minn. 367, 67 N. W. (2d) 907; and State ex rel. McGinnis v. Police Civil Service Comm. 253 Minn. 62, 91 N. W. (2d) 154.

We have considered other contentions of petitioner but they need no further discussion.

It follows that the decision of the trial court must be and is affirmed.