## PAUL L. MAHONEY v. MINNESOTA DEPARTMENT OF HIGHWAYS AND OTHERS.

161 N. W. (2d) 45.

August 9, 1968—No. 41,088.

*Douglas M. Head,* Attorney General, *Norman R. Carpenter,* Deputy Attorney General, and *John R. Murphy,* Special Assistant Attorney General, for appellants.

*Gerald R. Freeman,* for respondent.

Heard before Knutson, C. J., and Otis, Sheran, Peterson, and Frank T. Gallagher, JJ.

NELSON, JUSTICE.

Defendants appeal from a judgment of the District Court of Ramsey County.

The facts are not in dispute. Plaintiff, Paul L. Mahoney, was employed as a highway patrolman from December 16, 1966, to May 21, 1967, a period of less than 6 months. On the latter date he was discharged without

a hearing. On August 3, 1967, he commenced this action against the Department of Highways, the commissioner of highways, the Minnesota Highway Patrol, and John J. Harbinson as chief supervisor of the highway patrol and as an individual. The object of the action was to require defendants to reinstate plaintiff and pay him back wages; or, alternatively, to require them to give him a hearing relative to his discharge, pursuant to Minn. St. 197.46 of the Veterans Preference Act, and to pay his wages pending the outcome of that hearing. He also sought a money judgment against defendant Harbinson individually.

Thereafter plaintiff moved for an order to enforce the demands made in his complaint. The trial court issued an order to show cause why the order plaintiff sought should not issue. Defendants responded with a motion to dismiss the complaint. After a hearing on these motions, the trial court denied defendants' motion and granted plaintiff's, ordering defendants to afford plaintiff a hearing pursuant to § 197.46 and to pay him wages from June 1, 1967, until a final determination of his status was made following the hearing. Defendants appeal from the judgment entered pursuant to that order.

The sole issue presented is whether plaintiff is subject to dismissal without cause under § 43.21 of the Civil Service Act, which, as interpreted, provides that certain appointments to the classified service are probationary for 6 months and that an appointee may be dismissed without cause during that period, or whether he is entitled to a hearing relative to his discharge under § 197.46.

■ Section 43.21, initially adopted as L. 1939, c. 441, § 21, reads in part:

"Except as in this chapter otherwise provided, all original appointments to and promotions within the classified service, and offices or employments within the classified service held by persons who become members of the classified service without examination pursuant to section 43.10, or by qualifying examination pursuant to section 43.10, shall be for a probationary period of six months, except special teachers employed under the classified service whose probationary period shall be one year, but dismissals or demotions may be made at any time during such period, subject to the provisions of section 43.19, subdivision 3."

Recently, in State ex rel. Stubben v. Board of County Commrs. 273 Minn. 361, 141 N. W. (2d) 499, we stated that the legislature, if it saw fit, could provide for exclusion from the Veterans Preference Act of persons holding certain positions and that such exclusion could occur by the adoption of subsequent inconsistent law.

In State ex rel. Maley v. Debel, 212 Minn. 52, 2 N. W. (2d) 432, we held that under Minn. St. 1941, § 43.21, an appointee was subject to discharge without cause during the 6-month probationary period. The provision for summary discharge in Minn. St. 43.21 is clearly inconsistent with the provision of § 197.46 that an employee can be dismissed only after a hearing and for stated causes. Therefore, since § 43.21 was adopted subsequent to § 197.46, one who is subject to § 43.21 is not, under the doctrine of Stubben, entitled to the hearing afforded in § 197.46. The question is therefore whether plaintiff was, as a member of the highway patrol, subject to § 43.21.

■ Section 43.09, subd. 2(15), provides that state highway patrolmen—

"* * * shall be selected and appointed in accordance with the state civil service law as applicable to the classified service, but in all other respects the provisions of the state civil service law shall not apply to them."

In view of this provision, it is clear that a highway patrolman is excluded from the operation of § 197.46 during the 6-month probationary period, for the civil service law applies to a highway patrolman with regard to appointment and, as discussed, under § 43.21 appointees are subject to summary discharge within the first 6 months.

It is thus clear that the legislature has seen fit to exclude highway patrolmen from the operation of the Veterans Preference Act during the probationary period following their appointment. As was said in the Maley case, it is not for us to remake the law as the legislature has fixed it in that or any other particular.

Reversed.