Thomas J. WALTERS, Respondent,

v.

RAMSEY COUNTY,
Minnesota, Appellant.

No. C2–87–461.

Court of Appeals of Minnesota.

Aug. 11, 1987.

Review Denied Sept. 30, 1987.

Gregg M. Corwin, St. Louis Park, for respondent.

Thomas F. Foley, Ramsey Co. Atty., Elaine Ashbaugh, Asst. Co. Atty., St. Paul, for appellant.

Heard, considered and decided by POPOVICH, C.J., and PARKER and FORSBERG, JJ.

## OPINION

PARKER, Judge.

This appeal arises from the trial court's determination that an administrative agency was not authorized to order the suspension of an employee who requested and received a nondisciplinary hearing pursuant to the Veterans Preference Act. We affirm.

## FACTS

Respondent Thomas Walters is employed by the Ramsey County Parks and Recreation Department. On October 29, 1984, he was promoted from the position of Maintenance and Operations Worker I to Maintenance and Operations Worker II and served a six-month probationary period. During that period, he was involved in several incidents that led the county to question his competence: he received four "work orders" in February and March 1985 reprimanding him for his failure to complete his assigned duties, he allowed a subordinate to work on a model car in public view during working hours, and he participated in a practical joke during work hours that involved drilling a hole in a county-owned locker in order to install a horn that

would sound when the locker was opened. He also set the temperature at an ice arena too high, causing the ice to melt and forcing the county to refund money to a group which had rented ice time.[1]

On March 13, 1985, Walters was suspended for one day without pay because of these incidents. One month later, the county served him with a notice of intent to demote. As an honorably discharged veteran, Walters was entitled to a full hearing and a finding of incompetency or misconduct before he could be demoted, according to the provisions of the Veterans Preference Act, Minn.Stat. § 197.46 (1984). *See Leininger v. City of Bloomington,* 299 N.W.2d 723 (Minn.1980).

In January 1986 the hearing was held before an Administrative Law Judge (ALJ), who found that Walters committed misconduct only with respect to the practical joke incident, but recommended against a demotion. The Ramsey County Personnel Review Board then met to review the ALJ's recommendation. Without issuing any findings, the board concluded that Walters was guilty of incompetence for failing to comply with the work orders and for allowing the arena ice to melt and was guilty of misconduct for drilling the hole in the county's locker. The board determined that Walters' actions did not merit a demotion, but pursuant to its purported power to "modify, reject, or accept" the ALJ's recommendation, it ordered Walters suspended for 15 days without pay.

Walters appealed to the district court, which ruled that the board had abused its discretion by ordering discipline, because Walters' hearing was solely a nondisciplinary demotion hearing. The matter was remanded back to the board with instructions either to affirm the ALJ's recommendation or to demote Walters. The remand has been stayed pending the county's appeal.

---

**1.** In its brief the county states that a fifth incident, involving the careless use of a "Zamboni" ice-skating surface machine, also occurred during the probation period. This is contrary to

the evidence. The incident occurred in October 1983, more than a year before Walters' promotion.

## ISSUE

Did the board abuse its discretion by ordering Walters to be suspended for 15 days without pay?

## DISCUSSION

Ramsey County argues that Walters' hearing was brought under the authority of both the Veterans Preference Act, Minn. Stat. § 197.46 (1984), and the Ramsey County Personnel Act, Minn.Stat. §§ 383A.287, subd. 5(b); 383A.294, subd. 4 (Supp.1985), which latter act provides for disciplinary appeals. Walters, however, would not have been entitled to a hearing on a demotion within a probationary period had he not been an honorably discharged veteran and entitled to the protection of the Veterans Preference Act. Thus, the hearing clearly was requested and held only because required by that Act.

■ The Veterans Preference Act provides that the employer must demonstrate "incompetency or misconduct" after a hearing before a veteran can be removed from a position. This hearing is to be held before a civil service board or commission or merit system authority in all governmental subdivisions having such bodies. Minn. Stat. § 197.46. The statute does not authorize the governing body to delegate the hearing to an ALJ, as was done here. Although the ALJ claimed authority to hear the case under the Ramsey County Personnel Act, that is not the statute under which Walters requested his hearing and he would have had no right to it under that act. When a veteran requests a hearing accorded by the Veterans Preference Act, the county may not unilaterally determine that the hearing is to be held pursuant to another statute so as to confer jurisdiction upon a factfinder or other body not authorized to hold the hearing under the Act.

■ The Veterans Preference Act deals only with discharge or demotion; discipline is not an alternative. *See id.* As the trial court observed, the board "abused its discretion by turning what had obviously been a demotion proceeding into a disciplinary hearing." It is true that a demotion may be considered a disciplinary action in many circumstances; however, during an employee's probationary period, there is normally no presumption of continued employment, and terminations or demotions may be made at any time with or without cause. Given the limited rights available to the employee, a probationary demotion cannot be considered disciplinary.

To allow the board to order discipline in a probationary demotion hearing (necessitated *only* by the employee's status as a veteran) would also allow the employer to circumvent the collective bargaining agreement. An employee who is faced with disciplinary action may, under the contract, invoke his right to a grievance procedure. If the employer is allowed to order discipline in the manner followed by the county here, the employee would not be on notice as to possible disciplinary action and would be unable to make an informed choice between a grievance procedure and a demand for a hearing.

■ Finally, we note that Walters was already disciplined once for his alleged misconduct, in the form of a one-day suspension without pay. We agree with the trial court that it would be improper to allow the board to discipline him again for the same acts.

## DECISION

Affirmed.