In the Matter of Patrick C. SCHOEN, Respondent,

v.

COUNTY OF ST. LOUIS, Relator,

Commissioner of Veterans Affairs, Respondent.

No. C5-89-930.

Court of Appeals of Minnesota.

Nov. 28, 1989.

Hubert H. Humphrey, III, Atty. Gen., Merwin Peterson, Asst. Atty. Gen., St. Paul, for respondents Com'r of Veterans Affairs and Patrick C. Schoen.

Alan L. Mitchell, St. Louis County Atty., Michael R. Dean, Asst. County Atty., Duluth, for relator.

Heard, considered and decided by FORSBERG, P.J., and HUSPENI and KALITOWSKI, JJ.

## OPINION

KALITOWSKI, Judge.

St. Louis County appeals by writ of certiorari a final decision of the Commissioner of Veterans Affairs which found that respondent Patrick Schoen was wrongfully denied a veterans preference hearing before discharge and was therefore entitled to back wages.

## FACTS

Patrick Schoen was employed by the St. Louis County Social Services Department as a chemical dependency counselor aide at the "2001" chemical dependency treatment center. He was employed in a probationary status and was denied certification to a permanent position. Schoen was discharged on July 19, 1988. Schoen is an honorably discharged disabled veteran who served in the United States Navy. Schoen's request for a veterans preference hearing was denied by the civil service director of St. Louis County.

Schoen petitioned the Commissioner of Veterans Affairs to order the county to provide the veterans preference hearing. A hearing on this petition was held based on stipulated facts and written briefs before an administrative law judge (ALJ) who found that a veterans preference hearing was required. The Commissioner heard oral arguments on the case upon the request of the county which took exception to the decision of the ALJ. Agreeing with the ALJ's recommendation, the Commissioner ordered that a veterans preference hearing be held. We disagree and reverse.

## ISSUES

Does Minn.Stat. § 383C.056, together with § 383C.034(i) supersede the conflicting provisions of the Veterans Preference Act?

## ANALYSIS

1. Standard of review.

Relator St. Louis County's appeal is brought by writ of certiorari pursuant to

Minn.Stat. § 14.63 (1988). Judicial review of an administrative decision is governed by Minn.Stat. § 14.69 which provides that an agency decision may be reversed if it was affected by an error of law. Minn. Stat. § 14.69(d) (1988).

Decisions of administrative agencies are presumed correct and deference is shown to the agencies' expertise. *Reserve Mining Company v. Herbst*, 256 N.W.2d 808, 824 (Minn.1977). An agency decision is fully reviewable, however, by a court where the ultimate question is one of law. *Gorecki v. Ramsey County*, 437 N.W.2d 646, 649 (Minn.1989). Thus, an agency's interpretation of a statute may be disregarded if it is "erroneous and in conflict with the expressed purpose of the statute and the intention of the legislature." *Bouza v. Gallagher*, 416 N.W.2d 126, 129 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Feb. 12, 1988) (quoting *Beck v. Groe*, 245 Minn. 28, 43, 70 N.W.2d 886, 897 (1955)).

2. Relationship of Minn.Stat. §§ 383C.056 and 383C.034(i) with conflicting provisions of the Veterans Preference Act.

The Veterans Preference Act (VPA) provides in part:

No person holding a position by appointment or employment in the several counties, cities, towns, school districts and all other political subdivisions in the state, who is a veteran separated from the military service under honorable conditions, shall be removed from such position or employment except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges, in writing.

Minn.Stat. § 197.46 (1988). The legislature adopted Minn.Stat. § 197.48 (1988) to protect against the inadvertent supersession of the act by subsequently enacted statutes. Minn.Stat. § 197.48 provides:

No provision of any subsequent act relating to any such appointment, employment, promotion, or removal shall be construed as inconsistent herewith or with any provision of sections 197.455 and 197.46 *unless and except only so far*

*as expressly provided in such subsequent act that the provisions of these sections shall not be applicable or shall be superseded, modified, amended, or repealed.* * * *

(emphasis added).

The St. Louis County Civil Service is a comprehensive system established by Minn. Stat. §§ 383C.03–383C.059 (1988). Under this system, veterans are given preference in hiring. Minn.Stat. § 383C.054. A member of the permanent classified staff may be discharged only for cause. Minn.Stat. § 383C.051. However, the civil service director may establish probationary periods during which employees may be discharged without specifying cause or granting a hearing. Minn.Stat. § 383C.034(i).

Schoen's argument that the provisions dealing with discharge of probationary employees do not supersede the VPA requirements is not supported by the plain language of the statute. Minn.Stat. § 383C.056 states:

All acts and parts of acts inconsistent with sections 383C.03 to 383C.059 are hereby repealed to the extent necessary to give effect to the provisions of sections 383C.03 to 383C.059, *any provision of Laws 1931, chapter 347 to the contrary notwithstanding.*

(emphasis added). Chapter 347 of the Laws 1931 expressly incorporated the provisions of the then existing Veterans Preference Law (VPL) and applied it to the appointment and removal of all employees of the state and governmental agencies. 1931 Minn.Laws ch. 347, § 1. It also provided that no subsequent acts were to be interpreted as inconsistent with the VPL unless the later act expressly provided that provisions of the VPL would be "superseded, modified, amended, or repealed." 1931 Minn.Laws ch. 347, § 2.

The applicable portions of the VPL were codified at Mason's Minnesota Statutes of 1927, sections 4368 and 4369. Section 4368 was the precursor of Minn.Stat. § 197.45 and provided that veterans would be awarded a preference in examination and appointment. Minn.Stat. § 197.45 has

since been repealed. Section 4369 provided that a veteran could not be discharged "except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges * * *." Section 4369 is now codified at Minn.Stat. § 197.46. This language has remained unchanged through the many amendments to the statute to the present day.

Where the provisions of two laws are in conflict, the law enacted latest in time will prevail. Minn.Stat. § 645.26, subd. 4 (1988). The hearing requirements for probationary employees under the current VPA and the St. Louis County civil service are in conflict. Minn.Stat. § 383C.056 states that any inconsistent acts are repealed to the extent necessary to give effect to the civil service provisions. This statutory section became effective in 1941 and should therefore be given effect over the contrary provisions of the VPL incorporated into chapter 347 of the Laws 1931. The reference to chapter 347 in Minn.Stat. § 383C.056 clearly indicates that the legislature was aware of the conflict with the veterans preference law and chose to supersede the hearing requirement when an employee was discharged from a probationary position.

The provisions of the St. Louis County civil service act strictly define the rights and duties of those who are covered. The service is separated into classified and unclassified divisions. Members of the classified service are required to pass the civil service examination which will determine the employee's rank on employment lists. Minn.Stat. § 383C.041. The classified service is further divided into particular classes of positions in which the duties inherent in the positions are substantially similar. Minn.Stat. § 383C.037. Any employee who is affected by the allocation of the position to a particular class may appeal the classification and is entitled to a hearing on the appeal. Minn.Stat. § 383C.038. Finally, when any employee in the classified service is laid off, the employee must be placed on the appropriate reemployment list in the order determined by rule. Minn.Stat. § 383C.04. Recognizing the lack of discretion available to the civil service director and commission once an employee becomes a member of the permanent classified service, we find it reasonable that the legislature granted greater discretion in the treatment of probationary employees.

The statutes which created the St. Louis County civil service are most similar to those which govern the Minnesota state civil service. The state system allows for a probationary period during which time an employee may be discharged pursuant to the act and the applicable collective bargaining agreement. Minn.Stat. § 43A.16 (1988). Permanent employees in the classified service may only be discharged for just cause. Minn.Stat. § 43A.33, subd. 1 (1988). Although veterans still receive a preference in hiring, the legislature has specifically exempted the state civil service from the hearing provisions of the VPA. Minn.Stat. §§ 43A.11 (1988), 197.455 (1988). Thus, it is not unprecedented for the legislature to single out a particular civil service system to exempt from the provisions of the VPA.

*Mahoney v. Minnesota Dept. of Highways,* 281 Minn. 199, 161 N.W.2d 45 (1968) addressed the question of a probationary employee's right to a hearing before discharge. In *Mahoney,* the supreme court held that the discharge of a probationary employee without a veterans preference hearing was valid because the provision of the statute which exempted the state system from the VPA was subsequent to and thus superseded the provisions of the VPA. *Id.* at 202, 161 N.W.2d at 46. The relationship between veterans preference rights and rights under a civil service system was further explained in *AFSCME Council 96 v. Arrowhead Regional Corrections Board,* 356 N.W.2d 295 (Minn.1984). The court observed that veterans preference rights are separate and distinct from rights granted under the civil service provisions. *AFSCME Council 96* upheld a veteran's right to hearings both under the VPA and the collective bargaining agreement. These rights were not part of the statutory provisions of the civil service.

Schoen argues that this court's decision in *Walters v. Ramsey County*, 410 N.W.2d 343 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Sept. 30, 1987) holds that a probationary employee who is a veteran has a right to a hearing under the VPA. We find *Walters* to be distinguishable from the facts before us because the civil service statutes for Ramsey County do not expressly modify or supersede the VPA.

Since the legislature created the rights under the VPA, it has the power to limit or revoke the same rights. *State ex rel. Stubben v. Board of County Commissioners of Hennepin County*, 273 Minn. 361, 371, 141 N.W.2d 499, 506 (1966). The courts have been reluctant to rule that the VPA protections do not apply unless the legislature specifically indicates that the protections should not apply. *See State ex rel. Caffrey v. Metropolitan Airports Commission*, 310 Minn. 480, 246 N.W.2d 637 (1976). We find on these facts, however, that the legislature expressly indicated its intent that the St. Louis County civil service provisions supersede the hearing requirements of the VPA. The plain language of Minn.Stat. § 383C.056 does not support a contrary interpretation.

Having decided that Schoen was not entitled to a hearing upon discharge under the particular provisions of the St. Louis County civil service system, we do not address the compensation issue presented by Schoen.

### DECISION

A veteran, employed in a probationary position with St. Louis County, is not entitled to a veterans preference hearing upon discharge because Minn.Stat. § 383C.056 supersedes the hearing requirements of the Veterans Preference Act.

Reversed.