Thomas S. WAGNER, Relator,

v.

MINNEAPOLIS PUBLIC SCHOOLS, Special School District No. 1., Respondent.

No. C0–98–227.

Court of Appeals of Minnesota.

July 7, 1998.

Jesse Gant III, Mary E. Smits, Gant Law Office, Minneapolis, for relator.

J. Dennis O'Brien, Karen A. Janisch, Rider, Bennett, Egan & Arundel, LLP, Minneapolis; for respondent.

1. The underlying facts of this case have been fully set forth in earlier decisions by this court and the supreme court. *Wagner v. Minneapolis Pub. Schs., Special Sch. Dist. No. 1,* 569 N.W.2d 529 (Minn.1997); *Wagner v. Minneapolis Pub.*

Considered and decided by RANDALL, P.J., and KALITOWSKI and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

Relator Thomas S. Wagner petitioned the Commissioner of Veteran's Affairs for back pay for the entire period of time he appealed his discharge from employment with respondent Minneapolis Public Schools, Special School District No. 1. After the supreme court affirmed Wagner's discharge, the commissioner denied his petition for back pay. Wagner also moved this court for sanctions under Minn.Stat. § 549.211 (Supp.1997). We affirm and deny the motion.

## FACTS

The following procedural dates are relevant to this second appeal.[1] On January 14, 1997, this court reversed Wagner's (veteran under the veteran's preference act) termination and reinstated the Minneapolis Civil Service Commission's recommendation of suspension. The school district filed a petition for review with the supreme court on February 13, 1997. On February 19, 1997, Wagner filed a claim with the Commissioner of Veteran's Affairs seeking compensation for the period of time up until the supreme court rendered its decision.

The commissioner declined to hear the matter until the supreme court's decision. On October 23, 1997, the supreme court reversed this court, affirming the school district's decision to terminate Wagner. On January 5, 1998, the commissioner denied Wagner's claim for back pay. Wagner now appeals the commissioner's denial of compensation and seeks sanctions under Minn.Stat. § 549.211.

## ISSUES

1. Did the commissioner err when it denied Wagner back pay?

2. Is Wagner entitled to attorney fees?

*Schs., Special Sch. Dist. No. 1,* No. CX–96–1347, 1997 WL 10526 (Minn.App. Jan. 14, 1997), *review granted* (Minn. March 18, 1997). This appeal involves no new facts regarding Wagner's termination.

## ANALYSIS

■ 1. Unless a decision by the commissioner is based upon technical, statutory language, or a long-standing interpretation of the veterans preference act, this court determines de novo whether the rules and statutes a veteran relies upon apply to him. *Arvig Tel. Co. v. Northwestern Bell Tel. Co.*, 270 N.W.2d 111, 114 (Minn.1978); *State ex rel. Stubben v. Board of County Comm'rs of Hennepin County*, 273 Minn. 361, 367, 141 N.W.2d 499, 504 (1966); *see also Harr v. City of Edina*, 541 N.W.2d 603, 605 (Minn. App.1996) (applicability of veterans preference act is question of law).

■ A veteran is entitled to compensation until he has been formally discharged under the veterans preference act. *Johnson v. Village of Cohasset*, 263 Minn. 425, 436, 116 N.W.2d 692, 700 (1962); *Henry v. Metropolitan Waste Control Comm'n*, 401 N.W.2d 401, 406 (Minn.App.1987). The veterans preference act provides that a veteran is entitled to notice in writing of the employer's intent to discharge and a hearing within 60 days. Minn.Stat. § 197.46 (1996). It further provides that the hearing shall be before a civil service board, a commission, a merit system authority, or by an appointed board. *Id.* Accordingly, under *Johnson, Henry,* and Minn.Stat. § 197.46, formal discharge occurs when a veteran receives notice and a hearing before the statutorily prescribed entity.

The school district provided Wagner with notice and a hearing before the Minneapolis Civil Service Commission. The commission recommended suspension, not discharge. The school district continued to pay Wagner until the district court reversed the commission's decision. It then stopped paying Wagner his wages. It is clear that the school district paid Wagner through and beyond the notice and hearing at the commission. The statute and caselaw require nothing more.

■ The bulk of Wagner's argument is that since a panel of this court reversed the district court's decision, thereby reinstating him, he should have had his wages reinstated until the supreme court rendered a decision. Wagner's proposition is without support in the law or policy. Its adoption would en-

courage multiple appeals, regardless of the merits, while the public employer continued to pay the veteran's wages. That outcome would be contrary to the policy of preventing prolonged expenditures of public money in cases where the veteran rightfully should be discharged. *See Johnson*, 263 Minn. at 436, 116 N.W.2d at 700 (nature of veteran hearing process allows for quick assembly of hearing boards so as to prevent any "great loss * * * by the public agency if the charges are found to be true").

If, however, the earlier decision by the court of appeals' had been the final decision in the case, or if the supreme court had affirmed our decision, then caselaw would have entitled Wagner to back pay upon reinstatement. *See Young v. City of Duluth*, 410 N.W.2d 27, 30 (Minn.App.1987) (veteran who prevailed on appeal "entitled to all backpay and benefits he would have received during the entire period he was not employed by the city."), *review denied* 415 N.W.2d 20 (Minn. 1987). Wagner did not prevail and is not entitled to compensation or back pay beyond the protection provided for in the statute and caselaw. The commissioner's decision is affirmed.

2. Wagner moved this court for sanctions, apparently under Minn.Stat. § 549.211 (Supp.1997). There is no substantive basis for the award. The school district prevailed at the supreme court, ruling that Wagner was properly terminated. The school district did not act in bad faith when it refused to pay back pay pursuant to the law set out in *Johnson, Henry,* and Minn.Stat. § 197.46.

■ In addition to having no basis on the merits to seek attorney fees, Wagner's motion itself was flawed. It contained statements of fact that were erroneous and outside the record. It did not reference or analyze a statutory or caselaw basis for sanctions. From the motion itself, it is unclear what conduct Wagner claims represented bad faith. To the extent that Wagner's motion could be interpreted to be seeking attorney fees in this court for the school district's conduct in *prior proceedings*, the motion is precluded because that issue was not raised before the commissioner. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988) (ap-

pellate court reviews issues only if presented to and considered by district court). Additionally, to the extent the motion could be interpreted to be seeking sanctions for the school district's conduct in *this court,* his motion must fail because it was filed more than one month *before* the filing of the school district's responsive brief on the merits. Finally, Wagner's motion does not comply with applicable notice procedures under the statute or caselaw. Minn.Stat. § 549.211, subd. 4(a); *Uselman v. Uselman,* 464 N.W.2d 130, 143 (Minn.1990). Wagner's motion is denied.

█ The school district seeks costs and attorney fees for having to defend against Wagner's sanctions motion. The statute specifically provides:

> If warranted, the court may award to the party prevailing on the [sanctions] motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion.

Minn.Stat. § 549.211, subd. 4 (Supp.1997). We conclude that Wagner's motion warrants an award of costs and fees. The school district is awarded $250.

## DECISION

Minn.Stat. § 197.46 entitled Wagner to compensation through his hearing before the civil service commission but not during the time he unsuccessfully appealed that decision. Under the circumstances of this appeal, the school district is entitled to costs and attorney fees it incurred defending against Wagner's motion for attorney fees.

**Affirmed; motion denied.**