Jeffrey Jon WHALEN, on Behalf
of Justin, Jacob, and Amanda
WHALEN, Respondent,

Nancy Murphy–Robinson, Respondent,

v.

Robin Eloise WHALEN, Appellant.

No. C9–98–1764.

Court of Appeals of Minnesota.

June 8, 1999.

278

Brian K. Flakne, Flakne Law Offices, P.A., Minneapolis, for respondent Whalen.

Kathleen M. Picotte Newman, Larkin, Hoffman, Daly & Lindgren, Ltd., Bloomington, for respondent Murphy–Robinson.

Douglas J. Nill, Douglas J. Nill Law Office, Minneapolis, for appellant.

Steven A. Campbell, Steven A. Campbell Law Office, Brooklyn Center, guardian ad litem.

Considered and decided by ANDERSON, Presiding Judge, CRIPPEN, Judge, and AMUNDSON, Judge.

## OPINION

### G. BARRY ANDERSON, Judge

While being represented by respondent Nancy Murphy–Robinson in a proceeding to dissolve his marriage to appellant-mother Robin Whalen, respondent-father Jeffrey Whalen filed a pro se ex parte petition under the Domestic Abuse Act seeking an order for protection (OFP). The petition was initially granted but was later dismissed for procedural reasons. On the same day the first OFP was dismissed, father, again pro se, sought a second OFP against mother and her boyfriend. It too was dismissed for procedural reasons. Mother then moved in the second domestic abuse proceeding for attorney fees and sanctions against father and Murphy–Robinson. Mother's requests were denied and she now appeals, alleging the trial court erred by: (1) ruling that the requirements of Minn. R. Civ. P. 11 and 65.01, and Minn. R. Gen. Prac. 3.01 and 303.04 do not apply to father's petitions under the Domestic Abuse Act; (2) denying mother's request for an evidentiary hearing; and (3) denying mother's claim for costs and attorney fees pursuant to Minn.Stat. § 549.211 (1998) and Minn. R. Civ. P. 11. On appeal, Murphy–Robinson seeks both dismissal for lack of standing and attorney fees. Mother seeks attorney fees on appeal and asks that we strike certain portions of Murphy–Robinson's brief. We affirm the district court and deny the motions.

## FACTS

In April 1998, during proceedings to dissolve his marriage to mother, father became concerned that his three children were being physically abused by mother's live-in boyfriend. Father contacted Murphy–Robinson, the attorney representing him in the dissolution, and described his concerns. Murphy–Robinson told him his concerns would best be addressed through the county domestic abuse office and provided father with the phone number for the office.

On April 23, 1998, father, acting pro se, petitioned for an order for protection (OFP) under the Domestic Abuse Act, Minn.Stat. § 518B.01, subd. 4 (Supp. 1997). He filed the petition on behalf of his children against mother, alleging mother's boyfriend abused the children. The district court issued an ex parte OFP, set a hearing for April 30, 1998, and granted father temporary physical custody of the children.

Although Murphy–Robinson did not assist father in filing the ex parte petition, she represented him at the April 30, 1998 hearing. At that hearing, mother moved

for dismissal of father's petition because it failed to allege she harmed her children. Mother also sought attorney fees from father under Minn.Stat. § 549.211 (Supp. 1997). Because the petition lacked an allegation that mother abused the children, the referee dismissed it and took mother's request for fees under advisement.

Later on April 30, father went to a domestic abuse clinic for assistance in filing a second petition for an ex parte OFP. An order was issued the same day setting a hearing for May 7, 1998.

The district court vacated the second ex parte OFP, noting that (1) it impermissibly included two parties; (2) with respect to appellant, the petition lacked any information that was not available to the court at the April 30 hearing; and (3) the petition lacked an allegation that mother's boyfriend physically harmed the children or caused them to fear imminent harm. The district court ordered the immediate return of the children to mother. After dismissal of the second petition, Murphy–Robinson withdrew from representing father in the dissolution.

On May 7, 1998, mother moved for, among other things, (1) an order holding that, when parties to a dissolution are represented by counsel and become involved in a parallel domestic abuse proceeding, the notice and procedural requirements of Minn. R. Civ. P. 11 and 65.01, as well as Minn. R. Gen. Prac. 3.01 and 303.04 apply to domestic abuse petitions; (2) attorney fees under Minn.Stat. 549.211; (3) an evidentiary hearing to determine the propriety of a fee award under rule 11; and (4) reimbursement for day care paid for but not used and for wages lost as a result of the domestic abuse proceedings. Mother's request for attorney fees and sanctions against Murphy–Robinson was based on her claim that Murphy–Robinson violated provisions of the Domestic Abuse Act by not verifying and signing the pleadings prepared by father and by failing to give notice that father intended to seek an OFP. The district court denied all of the motions, stating:

[Father] attempted to follow the rules with the assistance of the Domestic Abuse Office and [the clinic]. He did nothing wrong by following the advice of his attorney and going to the Domestic Abuse Office for assistance. [Murphy–Robinson] did nothing wrong by advising him to go there. She was under no obligation to notify opposing counsel of the petition or the allegations. She followed the statutes and the rules as they are written. [Father's] allegations are not frivolous, in fact they are very serious, and the most unfortunate thing about this entire case is that the petitions were dismissed on procedural grounds before ever being heard on the merits.

Mother appeals. On appeal, Murphy–Robinson filed a brief but father did not.

## ISSUES

I. Should this court strike portions of Murphy–Robinson's brief?

II. If a party represented by counsel in a dissolution proceeding later seeks an order for protection under the Domestic Abuse Act, does Minn. R. Civ. P. 11 require dissolution counsel to represent the client in the domestic abuse proceeding?

III. Did the district court err in its interpretation of the notice requirements for domestic abuse proceedings?

IV. Did the district court err by denying mother an evidentiary hearing on her motion for attorney fees?

V. Did the district court abuse its discretion in denying mother an award of costs and attorney fees from father and Murphy–Robinson?

VI. Is either mother or Murphy–Robinson entitled to attorney fees on appeal?

## ANALYSIS

### I.

Mother moves this court to strike an affidavit from the appendix to Murphy–

Robinson's brief and certain arguments that Murphy–Robinson raises in her brief. The affidavit was filed in district court and is a part of the record on appeal. *See* Minn. R. Civ.App. P. 110.01 (appellate record includes papers filed in district court, exhibits, and transcript). The motion is without merit and is therefore denied. Additionally, we note the arguments at issue in Murphy–Robinson's brief are not involved in our decision and mother's motion is therefore irrelevant.

## II.

■■■ Mother challenges the district court's refusal to hold that Minn. R. Civ. P. 11 requires an attorney who is representing a client in a dissolution to also represent that client in a parallel domestic abuse proceeding when the client, while the dissolution proceeding is pending, seeks an OFP under the Domestic Abuse Act. We review this issue de novo. *See Wilkins v. City of Glencoe*, 479 N.W.2d 430, 431 (Minn.App.1992) (holding interpretation of rules of civil procedure is a legal question reviewed de novo on appeal). Rule 11 requires various certifications to be made on pleadings "of a party represented by an attorney." The rule includes no requirement either that a party be represented by an attorney in a parallel proceeding or that a party be represented by an attorney at all. Therefore, we cannot say rule 11 requires dissolution counsel to represent a party in a subsequent, parallel domestic abuse proceeding. Indeed, the Domestic Abuse Act contemplates both the filing of petitions while other proceedings involving the parties are pending and that domestic abuse petitions will be filed by persons not represented by counsel. *See* Minn.Stat. 518B.01, subds. 4(d), (e) (Supp.1997) ((d) "[t]he court may not delay granting relief because of the existence of a pending action between the parties"; (e) requiring court to "provide simplified forms and clerical assistance to help with the writing and filing of a [domestic abuse petition]"). Also, requiring a party to locate and go through dissolution counsel could impede the purpose of the Domestic Abuse Act, which is to allow immediate judicial action, when necessary. *See, e.g., Baker v. Baker*, 494 N.W.2d 282, 286 (Minn.1992) (explaining that, if notice were required for ex parte restraining order under Domestic Abuse Act, the order would not provide the immediate remedy that the act contemplates). We decline to hold that rule 11 imposes a requirement for domestic abuse proceedings that is not mentioned by rule and that could be contrary to the purpose of the Domestic Abuse Act.

## III.

■■■ Mother alleges the notice requirements of Minn. R. Civ. P. 65.01 and Minn. R. Gen. Pract. 3.01 and 303.04 should apply to ex parte applications for OFPs under the Domestic Abuse Act. Initially, we note the Domestic Abuse Act has its own statutory notice procedures. Second, the supreme court has stated:

> [I]t is irrelevant whether the [domestic abuse] statute provides for separate, explicit procedures tailored for the domestic abuse setting or whether the statutory procedures fully comply with the requirements of [Minn. R. Civ. P. 65.01, Minn. R. Gen. Pract. 3.01 & 303.04]. In either case, the policy behind the requirements is implemented: in extraordinary circumstances, where risk of injury is plain, relief may be granted without notice. *We hold that a petition which asserts a fear of further acts of domestic violence, accompanied by a supporting affidavit under oath, meets the requirements of Minn. R. Civ. P. 65.01 and Minn. Gen. R. Prac. 3.01 and 303.04, as well as the requirements of the Domestic Abuse Act.*

*Baker*, 494 N.W.2d at 287 (emphasis added). Also, after *Baker*, the legislature amended the Domestic Abuse Act to include a provision stating that

> [a] finding by the court that there is a basis for issuing an ex parte order for

protection constitutes a finding that sufficient reasons exist not to require notice under applicable court rules governing applications for ex parte relief.

1992 Minn. Laws ch. 571, art. 6, § 5 (now codified at Minn.Stat. § 518B.01, subd. 7(b) (1998)).

■ Here, the district court found that both ex parte petitions provided a basis to issue ex parte orders for protection. Also, both ex parte OFPs stated that an emergency existed and that the notice requirement was waived. Thus, under the Domestic Abuse Act, neither Murphy–Robinson nor father was required to notify mother of the petition requesting an ex parte order for protection. *See* Minn. Stat. § 518B.01 subd. 7(b).

Mother argues, however, that these aspects of the Domestic Abuse Act's notice requirements should not apply to parties involved in a pending dissolution proceeding and represented by counsel. The Domestic Abuse Act contains no such restriction, and we decline to impose such a restriction on the statute. *See Martinco v. Hastings*, 265 Minn. 490, 495, 497, 122 N.W.2d 631, 637, 638 (1963) (stating "[i]f there is to be a change in the statute, it must come from the legislature, for the courts cannot supply that which the legislature purposefully omits or inadvertently overlooks"); *Tereault v. Palmer*, 413 N.W.2d 283, 286 (Minn.App.1987) (stating "the task of extending existing law falls to the supreme court or the legislature, but does not fall to this court"), *review denied* (Minn. Dec. 18, 1987). The district court did not err by refusing to impose procedural and notice requirements that neither the supreme court nor the legislature had mandated. *See Baker*, 494 N.W.2d at 286 ("the availability of extraordinary relief intended by the passage of the Domestic Abuse Act is utterly negated by tying to it unnecessary external procedural requirements"). A similar analysis addresses mother's argument that the requirements of Minn.Stat. § 518.131, subd. 4 (1998) should apply to ex parte petitions for OFPs under the Domestic Abuse Act.

## IV.

Mother sought an evidentiary hearing to address (a) violations of her liberty and due process rights; (b) her request for attorney fees from father under Minn.Stat. § 549.211 (Supp.1997); and (c) her request for attorney fees from Murphy–Robinson under Minn. R. Civ. P. 11. On appeal, she alleges that the denial of the evidentiary hearing violated numerous constitutional rights. But mother failed to brief and support such an argument adequately on appeal. Therefore, we decline to address the issue. *See State v. Modern Recycling, Inc.*, 558 N.W.2d 770, 772 (Minn.App.1997) (assignment of error in brief based on "mere assertion" and not supported by argument or authority is waived unless prejudicial error is obvious on mere inspection (citation omitted)). Furthermore, any error in denying the motion for an evidentiary hearing regarding the fees sought from Murphy–Robinson is harmless in light of our conclusion that Murphy–Robinson was under no obligation to participate in the filing of petitions requesting an order for protection. Similarly, because we affirm the district court's ruling that father complied with the statutory requirements of the Domestic Abuse Act, any evidence mother could have produced at an evidentiary hearing would not entitle her to fees.

## V.

Mother argues the trial court erred by (a) denying reimbursement to her of daycare expenses she incurred but did not use because of the domestic abuse proceedings and wages she lost when responding to the domestic abuse proceedings; and (b) denying her request for attorney fees from father and Murphy–Robinson under Minn. Stat. § 549.211 and Minn. R. Civ. P. 11.

■ Whether to award fees and costs under Minn.Stat. § 549.211 and rule 11 is discretionary with the district court. *See*

*Radloff v. First American Nat'l Bank*, 470 N.W.2d 154, 156 (Minn.App.1991) (applying abuse of discretion standard to award of attorney fees under Minn.Stat. § 549.21 and rule 11), *review denied* (Minn. July 24, 1991); *see also Wagner v. Minneapolis Pub. Sch.*, 581 N.W.2d 49, 52 (Minn.App. 1998) (applying case law interpreting section 549.21 to section 549.211 question). Awarding sanctions under rule 11 requires a finding of fact that counsel proceeded in bad faith. *Uselman v. Uselman*, 464 N.W.2d 130, 140 (Minn.1990). Because the district court found there was no bad faith either on the part of father or Murphy–Robinson and because, on this record, that finding is not clearly erroneous, we affirm the district court's ruling on these issues. *See Tonka Tours, Inc. v. Chadima*, 372 N.W.2d 723, 728 (Minn.1985) (whether a party acts in good faith is essentially a credibility determination); *see also Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn. 1988) (appellate courts defer to district court credibility determinations).

## VI.

We deny Murphy–Robinson's motion for attorney fees and rule 11 sanctions against mother's attorney. *See Uselman*, 464 N.W.2d at 145 (denying request for attorney fees on appeal as beyond scope or intent of rule 11). Murphy–Robinson also asks that the appeal be dismissed. We decline to address this request, as it is unsupported by legal analysis or citation to relevant law. *See Ganguli v. University of Minnesota*, 512 N.W.2d 918, 919 n. 1 (Minn.App.1994). Accordingly, Murphy–Robinson's motions are denied.

Mother moved this court for attorney fees from Murphy–Robinson based on Minn.Stat. § 549.211. Mother failed to satisfy the procedural requirements of section 549.211, subdivision 4(a); therefore the motion is denied.

## DECISION

Murphy–Robinson was not required to represent father in parallel domestic abuse proceedings and neither Murphy–Robinson nor father was required to provide mother with notice of the petition. The district court did not abuse its discretion in denying mother's request for costs and attorney fees and the motions on appeal are denied.

**Affirmed; motions denied.**

CRIPPEN, Judge (concurring specially)

Appellant's arguments suggest that, at least for petitions by a party represented by counsel in a pending divorce case, notice should occur in Domestic Abuse Act proceedings if there is not attestation such as this: Absent the granting of immediate relief, harm, not reasonably avoidable, can be expected during the time before notice is given and the hearing is convened. I concur in the majority opinion that such a notice requirement is not demanded by the governing statute or existing rules. Because the issue has not been successfully developed by appellant, we do not have before us the question of whether the ordering of ex parte relief on respondent Jeffrey Whalen's flawed petitions conflicted with constitutional due process standards.